OPINION of the Court, by
Judge Bibb.
— -M’Con-nel declared against Brown in case, upon an order ior forty-five dollars, drawn by Cammack on said Brown, and by him accepted, in consideration whereof the said Brown became liable, and assumed to pay the said sum to the plaintiff; and assigned breach in non payment. Upon non assumpsit pleaded, and on the trial thereof, the defendant filed several bills of exception.
The first states an objection made to giving the order, and acceptance in evidence, on account of a variance supposed between the declaration and the said order, and the overruling of the said objection.
The second bill states an objection as made to the reading of the deposition of John Craigmyle, “because said deposition was taken in consequence of an affidavit made, and now filed by Jonathan Robinson, that the said Craigmyle was a material witness for him in a suit depending in the Scott circuit court, wherein he is plaintiff and said Brown is defendantconsequently that the said deposition could not be read in the suit between M ’Connel and Brown : which objection was likewise overruled.
The third bill states a motion, as made and overruled, to set aside the verdict and direct a new trial, because some of the jury separated from their fellows and mixed with the crowd, before they returned their verdict, and perhaps before they had agreed : and because “the court erred in expressing an opinion that no parol proof could be received, shewing the consideration and conditions on which the order was executed.”
These several opinions are involved by the assignment of errors ; and lastly, that “ the plaintiff’s declaration is substantially insufficient to support his action.”
The party ex. cepting to an opinion of the court ought to ihew the relevancy of the opinion to the trial in which the opinion was expreffed, and that it was pre. judicial to his right in that cafe.
A depoiition, relating to a new trial, copied by the clerk, but not made part of the bill of exceptions, nor made pait of the record, will not be regarded by the appellate coarta
The objection taken to the order, when offered as evidence, was on account of the omission of the declaration to set out the order at large. The declaration had set forth correctly all the substantial parts of the order, as to time, amount, address, and whatever was necessary to the action, and also set forth the acceptance : and therefore the court rightly overruled the objection, for it was not incumbent on the plaintiff to set out immaterial parts.
The reasons assigned by the court for admitting the deposition of Craigmyle, are very satisfactory. They are, that the notice served upon Brown was that the deposition was to be taken to be read in the action between M’Connel and Brown ; that the action was for the benefit of Robinson, as appears by the endorsement of the writ ; that the dedim.ua directed the taking of the deposition as evidence in that action ; that the said Brown attended according to the notice, and interrogated the witness, as appears by the deposition.
The separation of the jurors before they had returned a verdict, was a misdemeaning of themselves, for which the court might have punished them ; but it is of itself not sufficient to vitiate the verdict, more especially as it appears, from the certificate of the court, that the separation was after the verdict had been agreed on.
Whether the defendant had offered any evidence to “ shew the consideration and conditions upon which” the order had been executed ; or if offered, what was the consideration or condition which he intended to prove, is not set forth in the bill of exceptions, or other part of the record. Nor can we say that the opinion so expressed was erroneous. But the record does not exhibit the application of that-opinion to the case depending, or that it had any bearing on that case. Even if the court had erred upon an abstract proposition, the judgment in chief ought not therefore to be reversed» The party excepting ought to shew the weight and bearing of that opinion, as relevant to the cause in which it is expressed. The party, plaintiff or defendant, is not entitled to the opinion of the court upon any or every proposition of law he may choose to make, but if he gets an opinion, it is not enough that he complains of it as being erroneous, he must shew that it was erroneous to the prejudice of his right in that very case.
*267 Upon this part of the subject, it may not be amiss to observe that the fourth assignment of error cannot be noticed farther, or adjudicated ; the fact upon which it rests does not appear in the record. It is true that an affidavit of one of the jurors is copied by the clerk unadvisedly. But whether that was or was not relied upon by the court in opposition to the motion for a new trial, is not apparent; that deposition is not made part of the record, and the clerk in copying it did more than his duty.
The objection to the declaration is not pointed out, and is without foundation.--Judgment affirmed.