IN THE

## SUPREME COURT OF JUDICATURE

OF THE

### STATE OF INDIANA,

AT CORYDON, NOVEMBER TERM, 1818, IN THE THIRD YEAR OF THE
STATE.

---

### HAMILTON and Another *v.* KNIGHT.

If an affidavit against two joint debtors be insufficient as to one of them, it will
not authorize an attachment against the property of both.

ERROR to the *Franklin* Circuit Court.—An attachment is- *Thursday,* sued in this case against the property of *James Hamilton* and *Mi-* *November 12.* *chael Jones*, upon an affidavit, which merely stated, as to the former, that he was a sojourner of the county in which the writ was sued out, and that the ordinary process of law could not be served on him. The Court below, to which the attachment was returned, at their *May* term, 1814, under the territorial government, rendered judgment by default against both the defendants, and the property of both, which had been attached, was ordered to be sold.

BLACKFORD, J.—This affidavit is defective as to one of the defendants below, in not showing that he was privately removing, or about to remove from the county. Ind. Terr. Stat. 1811, p. 46. And as the attachment is against the property of both, and the judgment against them both, the proceedings are erroneous (1).

4

Nov. Term,        *Per Curiam.*—The judgment is reversed, with costs.
   1818.
                  *Lane,* for the plaintiffs.

BUNTIN
   v.             (1)  If a joint judgment against two, be erroneous as to one, it must be re-
DOE.          versed as to both.  *Bartle* v. *Coleman,* 6 Wheat. 475.