WILLIAM CANNON, Appellant, vs. THE STATE, Appellee, Appeal from Bastrop County.

In trials for minor offenses and in civil causes, the separation of the jury without the permission of the court, before rendering their verdict, will not, of itself, vitiate the verdict; though it is a misdemeanor for which the jurors may be punished. An application for a new trial on such grounds is invariably denied where no injury has ensued. [4 Tex. 89.]

The appellant was convicted of playing at cards at the fall term of the district court, 1848.

The defendant moved for a new trial on the ground of the misconduct of a juror; and, in support of his motion, read the affidavit of one Wm. R. Cannon, who was also examined on the application, and who stated, in substance, that he was the bailiff in charge of the jury; that he left them in charge of the sheriff, and went in search of the clerk, at the request

of the jury, to return their verdict; and whilst so absent from them, and before they had returned their verdict, one of them separated himself from his fellows and went into a store, and whilst there drank spirituous liquors.

The district attorney thereupon introduced the juror to whose conduct the affidavit and testimony of Cannon related, and proposed to prove by him the circumstances of his separation from the jury. To his competency as a witness the defendant objected, but his objection was overruled by the court; and the witness testified that when he separated from the jury they had agreed upon and signed their verdict, but had not returned it; that he went some distance, to Johnson's store, and got his coat, and at the same time took a drink of spirituous liquor; that while there, he met with the bailiff, Cannon, who told him it was wrong to be there, and that he replied that they had agreed on their verdict and found the defendant guilty.

The court refused the application for a new trial, and the defendant appealed.

GILLESPIE for appellant.

BREWSTER, representing attorney general, for appellee.

Mr. Justice WHEELER, after stating the facts, delivered the opinion of the court.

It is insisted for the appellant that the court erred —

1st. In permitting the juror to testify in support of the verdict.

2d. In refusing to set aside the verdict for the misconduct of the juror.

1. It is a general rule, which has been seldom departed from, that a juror cannot be compelled [3 Day, 309], nor will he be permitted, to testify to his own misconduct or that of his fellow jurors. [4 Binn. 150; 5 Rawle, 61; 5 Conn. R. 348; 5 Hill, 560; 19 Pick. R. 311; 4 Humph. R. 27; 1 Tex. R. 726.]

And it would seem upon principle, that where the question is, whether a juror has been guilty of misconduct, he ought not to be permitted to testify at all; for his testimony must either

inculpate or acquit himself, and thus an inducement is pre-sented to swerve from the truth. There are, however, numer-ous cases in which it has been otherwise decided; and the rule which they have established is, that the affidavits of jurors may be received in support of their verdict, though not to impeach it. [2 Blackf. 114; 4 Johns. 487; 6 N. Hamp. 352; 3 Scammon, 76.] The ruling of the court, in the present instance, was in conformity to this rule. An affidavit had been read inculpating the juror and impeaching his verdict; and it has been expressly decided that a juror who has been implicated in reference to a verdict which he may have given, is admissible to remove the ground of objection. [9 Shep. 268.] Had the testimony of the juror been contradicted, or unsupported, it must have been less satisfactory than that of a disinterested and indifferent witness. This, however, was not the case. On the contrary, his testimony fully corroborated that of the witness Cannon; and it is not perceived that it disclosed any new material fact. The juror states that before he separated from his fellow jurors they had agreed upon their verdict; and this fact is also to be inferred from the statement of Cannon. The alleged misconduct of the juror was his separation from the jury, after they had retired, and before they returned their verdict; and this misconduct the juror admited. The defendant, then, was not prejudiced by his testimony, even had it been improperly received, since it did not impeach, but conduced to support, the ground of his application for a new trial. In either view of the testimony of the juror, whether admissible or immaterial, the reception of it by the court can afford no ground for reversing the judgment.

2. In support of the principal ground relied on in the ap-plication for a new trial, the misconduct of the juror, the counsel for the appellant has referred us to two cases; one decided in Virginia and the other in Tennessee. In the former, The Commonwealth vs. McCall (1 Va. Ca. 271), two of the jurors separated themselves from their fellow jurors

3

during the trial, and were absent about twenty minutes. A majority of the court were of opinion that proof of actual tampering, or conversation on the subject, with a juryman was not necessary to set aside a verdict; and it was resolved that the separation of the jury was, of itself, sufficient cause for vitiating and setting aside the verdict. In the latter case, McLain *vs.* The State (10 Yerger, 251), which appears to have been decided mainly upon the authority of the former, during the trial, which lasted several days, a part of the jury frequently separated themselves at night from their fellow jurors, for fifteen or twenty minutes at a time, without being under the charge of an officer; and it was held that this was such an irregularity as vitiated the verdict; and that it was not incumbent on the prisoner to prove that the jury were, in fact, subjected to any improper influence; it was sufficient that they might have been.

It is to be remarked of these cases, however, that they are to be distinguished from the present case in having been of the most highly penal character. They were trials for capital crimes; and the principle is familiar, that, in a case affecting life, far greater strictness is required than in trials for offenses of an inferior degree.

In the former of these cases, moreover, there was a divided court, and it was said that not a single adjudged case in the English books could be shown, and none was shown, in which the separation of one juryman from his fellows had been considered sufficient to set aside a verdict.

But to whatever consideration and weight these cases may be entitled (and standing alone on the point they would be controlling), they are, nevertheless, opposed to adjudged cases of equal authority, in which it has been held that a separation of the jury before rendering their verdict, even in a case of life and death, does not, *per se*, render the verdict void. [1 Bailey, 651; 1 Blackf. 25.] And in a later case than that cited from Tennessee, the same court decided that it was not sufficient cause for awarding a new trial, even in a capital case, that the jury separated and mingled with the rest of the

community, when it is satisfactorily shown that they were not tampered with. [Stone *vs.* The State, 4 Humph. 27; and see Commonwealth *vs.* Roley, 12 Pick. 496, 519.] But whatever conflict of opinions and decisions there may be respecting the correct rule in a case affecting life, the doctrine is well settled, that, in trials for minor offenses and in civil causes, the separation of the jury without the permission of the court, before rendering their verdict, will not, of itself, vitiate the verdict, though it is a misdemeanor for which the jurors may be punished. [5 Blackf. 114; 1 Con. 221; 3 id. 355; 3 Ham. O. R. 52; 1 Bibb, 265.]

In a late case before the court of appeals of South Carolina — [2 Richardson, 119] — this question was considered, and the court quoted and adopted the rule stated in Graham on New Trials, p. 85, sec. 6, where it is said that "upon this point the practice in this country appears to have resolved itself into the exercise of a judicial discretion, confining the motion for a new trial to the question of abuse, and invariably denying the application where no injury has ensued."

Regarding this as the generally recognized and settled rule applicable to cases not more highly penal than the present, we must conclude that the misconduct complained of in this case, though the proper subject of animadversion and punishment by the court, was not, of itself, sufficient to vitiate and avoid the verdict.

We are of opinion, therefore, that the court did not err in refusing the application for a new trial, and that the judgment be affirmed.