### MILTON WILLIAMS v. AGNES NOEL.

**Slander—Implied Malice.**

While malice is an essential ingredient in slander, it will be implied from the speaking of words falsely which import slander, unless they are spoken in the performance of some public or private duty.

**Misconduct of Jurors.**

The separation of the jury without the court's consent is a misdemeanor, but it is not sufficient of itself to vitiate the verdict, especially where it appears that the separation took place after the verdict had been agreed upon.

### APPEAL FROM GALLATIN CIRCUIT COURT.

October 6, 1875.

OPINION BY JUDGE PETERS:

This action was brought in the court below by appellee against appellant for slander, and a verdict having been rendered for appellee, and appellant's motion for a new trial having been overruled, he has appealed to this court to reverse the judgment rendered upon the verdict.

The petition contains three distinct paragraphs. In the first, in which it is alleged that appellant maliciously said of and concerning the appellee (she being an unmarried woman) that he saw her have sexual intercourse with Bona Stewart. It is furthermore alleged in the same paragraph that appellant charged her with the same offense in other words, which are set forth in said paragraph, but are too obscene to be inserted here.

In the second paragraph it is alleged that appellant, in the presence and hearing of divers persons, and on many occasions in 1873, spoke of and concerning appellee the following false and slanderous words, that he had been watching a long time one dark rainy night at the back window of plaintiff's house, and was unable to see anything wrong; that he then went around to the front door of her house, and peeped through the keyhole for some time, and he saw her, meaning the plaintiff, and Bona Stuart have sexual and "illicit" intercourse together.

In the third paragraph, it is alleged that the defendant, with the malicious intent to injure and destroy her character and her business, she being a merchant and engaged in the same business and in the same town with the defendant, spoke of and concerning the plaintiff in the year 1873, in the presence and hearing of divers persons, on many occasions, the following false and slanderous words, to wit, "She (meaning the plaintiff) is a whore, she keeps a whore house," referring to and meaning that plaintiff was keeping a public whore house, or house of ill fame.

Appellant moved the court to strike out the second paragraph of the petition; his motion was overruled, and he excepted. He then demurred to each one of the paragraphs. His demurrer was also overruled, and he filed an answer containing three paragraphs, in which he admits seriatim the speaking of the words as charged in the several paragraphs of the petition, and justifies the speaking of them on the ground that they were true. The causes assigned for a new trial are nominally five, while the whole are comprehended in the first and fifth, which are as follows:

First. Because the verdict of the jury is contrary to the law and the evidence.

Fifth. Because the jury was not kept together during the time they were considering their verdict, and some of them were out of the room, mixing and mingling among the crowd, while the others were considering their verdict.

Departing somewhat from the order in which the attorney for appellant has discussed the questions, we proceed to consider, first, whether the court below erred in overruling appellant's motion to strike out the second paragraph of the petition. Since the statute of 1811, which makes fornication or adultery criminal in their nature, and punishable, this court has repeatedly held that words charging a woman with either offense are actionable; and to say of appellee, she being an unmarried woman at the time that she had sexual intercourse with Bona Stewart, was charging her with having committed fornication. But it is insisted that by the second paragraph appellee attempted to set out a cause of action independent of and distinct from that set out in the first; and as it is not alleged that the words were maliciously or wrongfully spoken, no cause of action was stated. It is certainly true that malice is an essential ingredient in slander; but malice will be implied from speaking of words falsely which impart slander, unless they are spoken in the performance of some public or private duty, or as is

sometimes said in discharge of some moral or legal duty. Starkie on Slander, 122-3; *Faris v. Starke,* 9 Dana 128. The words set forth in the paragraph under consideration are of themselves actionable, and the court below did not err in refusing to strike it out, and for the same reason the demurrer to it was properly overruled.

The first paragraph contains all the words necessary to constitute oral slander according to the rule contendea for by appellant. It charges that he spoke the defamatory words set forth of and concerning the plaintiff in the presence and hearing of divers citizens, with the malicious intent to injure her.

The objection taken to the third paragraph by appellant is that in it appellee states her occupation and business, but fails to allege any special damage that resulted to her business by reason of the speaking of the words complained of. She stated the business she was engaged in, not for the purpose of recovering damages for any special injury done to her business, but for the purpose of showing the malignity of appellant, and the selfish motive that prompted the speaking of the words, and thereby enhance the damages. The words, as charged, are actionable, and the paragraph was not vitiated by having inserted in it the business or trade of appellee. We cannot say, therefore, that the court erred in overruling the demurrer to the first and third paragraphs of the petition.

It is insisted with much zeal by the learned attorney for appellant that the judgment should be reversed, because the verdict is not sustained by the evidence. Evidence was introduced on the trial by appellant tending to sustain the defense, and on the other side contradictory evidence was introduced. It is not the province of this court to enter upon an analysis of the evidence, and determine with exactness on which side the scales preponderate. To do so would be to invade the province of the jury, and if in any case we were disposed to enter upon such a task, we have rarely seen one less inviting than this. But we cannot, after mature consideration, come to the conclusion that the verdict of the jury is palpably against the weight of the evidence, and do not feel authorized to interfere.

The law of the case, as embodied in the instructions to the jury, seem to be as favorable to appellant as he was entitled to. But we do not see that the action of the court in giving the instructions to the jury was excepted to.

As to the misconduct of the jury at and during the trial, it appears that one of them was absent from the jury room a while after the

case was submitted to them; but he was during the time engaged with one of the attorneys for appellant, on legitimate business; and it is not shown that he was guilty of any misconduct during his absence from the jury room, or at any other time during the trial. While waiting for this juror, another absented himself a short time from the room, and may have said that they had made a verdict in favor of the plaintiff before it was returned into court. This was certainly indiscreet in the juror, but there is no evidence of misconduct on his part, or such a violation of duty as to prejudice the rights of appellant. The separation of the jury without the permission of the court is a misdemeanor for which the court might punish them. But it is not sufficient of itself to vitiate the verdict, more especially as it appears that the separation was after the verdict had been agreed upon. *Brown v. M'Connel,* 1 Bibb 265; *Yancy v. Dower,* 5 Litt. 8. As to the word "illicit," found in the second paragraph, it is meaningless in the connection in which it is found, and did not in any way affect the meaning or change the effect of the other words of the sentence, which was perfect without it.

After a mature consideration of the important questions presented in this record, we feel constrained to approve the rulings of the court below. Wherefore the judgment is *affirmed.*

*J. J. Landrum, for appellant. G. W. Craddock, for appellee.*