## No. 8743.

### John I. Adams & Co. vs. Felix A. Basile.

Where a sheriff's return on a citation is irregular and void, the judgment rendered to confirm a default is a nullity and will be reversed on appeal.

Although the *return* be bad, the *service* may be good. In such a case the suit should not be dismissed, but should be remanded for further proceedings, at the cost of plaintiff and appellee in both Courts.

APPEAL from the Nineteenth District Court, Parish of Terrebonne. *Goode*, J.

*Tobias Gibson* for Plaintiffs and Appellees.

*L. F. Suthon* for Defendant and Appellant.

The opinion of the Court was delivered by

Bermudez, C. J. The defendant appeals from the judgment confirming a default against him, assigning as error the irregularity, if not the nullity, of the service of the citation issued.

The sheriff's return is, that on the day stated, he handed " a true and certified copy of the petition and citation to G. Tennent, at the store of Mr. F. A. Basile, in the town of Houma, as the said Basile was not at the store at the time of service."

This return does not show a domiciliary service. If the store was kept at the domicil of the defendant, and the person on whom the process was served, lived or resided therein, the sheriff should have so stated distinctly, with mention of the apparent age of the person and the source of his knowledge of the circumstances attending such service.

It would seem that a ministerial officer, such as a sheriff, should be better informed of the mode of performing his duties and returning the manner in which they have been fulfilled.

The provisions of the Code of Practice, with which he should be familiar, require no explanation on such plain matter. C. P. 187 *et seq.;* 15 An. 462; 19 An. 33; 21 An. 613, 630; 4 An. 363; 3 An. 130; 6 An. 702; 7 An. 268; 19 L. 36, etc.

The return of service is irregular and was no foundation for a default.

It is no answer to avoid the nullity of the judgment consequent on such service, that interrogatories had been served on the defendant shortly after the citation had issued. It has been repeatedly held, that knowledge of the suit, however clearly brought home to a defendant, does not supply want of citation, which is the foundation of the proceedings.

The appellant further contends, not only that the judgment should be annulled, but that the suit should be *dismissed*.

The precedent cited, if authority, is only to the effect that a case will not be remanded, but will be dismissed, where there is an utter want of legal service.

In the present instance, it does not appear that there is an utter want of legal service. It may be that the service was good. It is the return which is bad. Under the facts, as they may be, it is possible that the service may have been good, and some advantage may be derived by plaintiff therefrom, such as interrupting prescription, etc. 18 An. 337. In such a case the sheriff would be authorized to make a proper return, by amendment or otherwise, conforming with the facts and the law. 21 An. 27; 10 M. 91; 2 R. 485; 8 R. 236; 3 N. S. 489; 5 L. 287.

It is, therefore, ordered and decreed that the judgment appealed from be reversed; that the default preceding it be set aside, and that the case be remanded for further proceedings, at the cost of appellees in both Courts.