State vs. Favre.

No. 12,897.

STATE OF LOUISIANA VS. WILLIAM FAVRE.

SYLLABUS

1.  A constitutional amendment is a legislative suggestion that certain specified
    things be done through the instrumentality of a vote of the people,
    whereby a change is to be effected in the organic law of the State; and not
    that the constitution shall remain unaltered in certain specified particulars.
    That the terms of a statute proposing a constitutional amendment are not
    sweeping and unlimited is of no consequence if the convention is subse-
    quently called upon the lines which are suggested by the legislature, and in
    exact conformity with the will of the sovereign as expressed at an election
    duly held in keeping therewith, and the delegates duly chosen thereat were
    regularly convened and organized, and thereafter framed and promulgated
    an instrument which is styled a constitution for the State of Louisiana.
    It is the duty of this court to accept that instrument as the organic law of the
    State, and not as an amendment to an existing constitution.

2.  The accused who takes the stand as a witness in his own behalf, may be
    cross-examined by the State, and for the purpose of laying a basis for his
    contradiction he may be recalled for additional cross-examination.  State
    vs. Walsh, 44th Ann. 1122, affirmed.

3.  Whilst the testimony of jurors will not be received to impeach their ver-
    dict, it does not follow that such testimony will not be received to sustain
    it when assailed.  If the jurors are accused of misconduct, they must al-
    ways show by their oaths, not only in their own vindication, but in further-
    ance of justice, that they are not guilty of the misconduct charged against
    them.

ON APPEAL from the Eleventh Judicial District Court for the
Parish of Acadia.  *Dupre, J.*

*M. J. Cunningham,* Attorney General, and *R. Lee Garland,* District
Attorney, for the State, Appellee.

*E. P. Vezie* and *P. S. Pugh* for Defendant, Appellant.

Argued and submitted November 12, 1898.
·Opinion handed down November 21, 1898.
Rehearing refused February 20, 1899.

The opinion of the court was delivered by
WATKINS, J.    The defendant was indicted for the crime of murder,

convicted of manslaughter, and sentenced to seven years' imprisonment in the penitentiary; and from the verdict and sentence he prosecutes this appeal.

## I.

The first bill of exceptions relates to defendant's motion to quash, which is based on the following grounds, viz.:

1st. "Because the pretended Constitution of this State, of 1898, under which this defendant was indicted and now held for trial, is unconstitutional and illegal, null and void, for this, viz.: that it was passed and adopted in contravention of Article 256 of the Constitution of 1879, which provides, that all amendments shall be submitted to the electors for their approval or rejection, etc.;" and further, "that the pretended Constitution of 1898 is a mere amendment of the Constitution of 1879, and is therefore null and void, never having been submitted to the people as required, as aforesaid."

2nd. "Because—in the alternative, the first ground of the motion be overruled—the indictment against him is null and void for the reason that the grand jury was not composed of sixteen (16) persons, as provided by Act No. 99 of 1896, but was, on the contrary, composed of only twelve persons, which was irregular, null and void, because Article 117, paragraph two, had never become executory, as the legislature has made no provision for putting same in force by providing for the drawing of jurors for the trial of criminal cases in conformity therewith.

It appears that the trial judge overruled the motion to quash, on grounds similar to those stated by him in the case of *State* vs. *Wimberly,* now pending before this court; and as the following is given in the bill, which is signed by the judge, as a fair synopsis of those reasons, we will extract same therefrom, viz.:

(1) "That the act calling the convention was in the nature of a proposition submitted to the people as to whether or not a convention should be held, and if held, that it should be held as provided in the act, a feature of which was, that it would *not* have to submit its work to the people.

"When, therefore, the people voted to hold a convention, they declared that it should be held and adopted without submission to the people, as had been specially provided for in the act calling same together."

(2). "The grand jury indicting the accused was the only grand jury that could have indicted him  That portion of Article 117 of the Constitution (relating to grand juries) went into effect upon the adoption of the Constitution as has already been thrice decided, etc."

The first proposition rests upon the hypothesis, that the instrument framed by the Constitutional Convention of 1898, is a mere *amendment* to the Constitution of 1879; and not having been submitted to the people for their ratification or rejection thereof, same is null and void.

If it be an amendment, counsel's proposition is undoubtedly correct; but we think it is manifestly incorrect.

The principle contention of counsel in favor of his theory is, that the legislative act which proposed the convention scheme, suggested certain restrictions to be placed upon the delegates to be thereto accredited, when in convention assembled, and that, in consequence thereof, certain provisions of the Constitution of 1879 were left in full force; hence the present Constitution is essentially an amendment thereof.

Taking a comprehensive view of the question, the exact converse of that proposition would seem to be the correct one; for, in general acceptation, a proposed constitutional amendment is a legislative suggestion, that certain specified things be done through the instrumentality of a vote of the people, whereby a change is to be effected in the organic law, and not that the Constitution remain unaltered in certain specified particulars.

That the terms of the statute proposing a Constitutional Convention, were not unlimited and sweeping, would seem to make no practical difference, as the convention was called upon the lines which were suggested by the legislature, and in exact conformity with the will of the sovereign, as expressed at an election duly held in keeping therewith, and the delegates duly chosen thereto were regularly convened and organized, and thereafter framed and promulgated an instrument which is styled a *Constitution* for the State of Louisiana.

We deem it to be our duty to accept that instrument as *the* organic law of the State without any hesitation, or resort to any refined distinctions or subtle argument on the question; and thus accepting same, it is, in our opinion, exactly what it purports to be, a Constitution, and not an amendment to an existing Constitution.

With regard to the second proposition of the motion to the effect,

that the grand jury who found and returned the indictment, was only composed of twelve persons, in keeping with the provisions of Article 117 of the Constitution of 1898, and therefore, null and void, for the reason that no statute had been enacted putting same in force—the provisions thereof not being self-operative—we need only advert to the fact that we have decided otherwise in State vs. Caldwell, 50th An. *ante.*, wherein Mr. Justice Blanchard, speaking for the court, said:

"The Article 117 of the Constitution *is* self-operative, as shown by its terms, which declare that its provisions 'shall go into effect on the adoption of this Constitution.' "

We have no doubt of the correctness of the ruling of the trial judge in overruling the motion to quash.

## II.

The second bill of exceptions relates to certain testimony which was offered on the part of the State in rebuttal, and to which the defendant, by counsel, objected and excepted.

The statement made in the bill, is of the following purport, viz.:

That after the defence had closed its evidence in chief, the district attorney introduced a witness in rebuttal, by whom he proposed to impeach the credibility of the defendant, who had been interrogated as a witness in his own behalf, by making proof of previous contradictory statements in relation to the subject matter of the prosecutions; and, that upon defendant's counsel having entered the objection, that this testimony was inadmissable for the reason that a proper basis had not been laid therefor by attracting the attention of the witness thereto when he was on the stand, the trial judge sustained the same, and refused to permit the introduction of the incriminating evidence, but no bill of exceptions was retained on behalf of the State thereto.

That, thereupon, the district attorney moved the court to recall the defendant and replace him upon the stand as a witness for further and additional cross-examination by the State, so as to enable the State to put him upon due notice of its intention to prove by another witness the aforesaid incriminating facts, by attracting his attention thereto, and to that proceeding the defendant, by counsel, objected on the following grounds, viz.:

1st. Because the attention of the defendant, Favre, was not at-

tracted to the alleged contradictory statements whilst he was on the. stand and under cross-examination as a witness in his own behalf.

2nd. That it was too late for the State to attempt the introduction of such evidence, for the first time, in rebuttal; and that it was, also, too late for the State to recall a witness for the defense, especially the accused, for the purpose of impeaching his testimony.

3rd. That the incriminating statement that is imputed to the defendant, instead of being merely matter of impeachment, was in the nature and character of a voluntary confession, "because it went directly to qualify the act of killing, charged in the bill of indictment, and to show, (if it be true) that the defendant acted through malice."

4th. Because the State, having subpoenaed "the witness Walter - Heath, and he being present in court throughout the trial, and having been examined in chief by the district attorney, and the district attorney being aware of the testimony to be given by the witness, had no right to hold up the particular fact, decline to place it before the jury (in the course of this witness' examination in chief), and use same in rebuttal after both sides had closed their case in chief."

5th. "Because, under Article II of the Constitution of 1898, the State had no right to place the accused on the stand and compel him to give evidence against himself in a criminal case of this nature."

The trial judge overruled all of the aforesaid objections, and the defendant's counsel retained a bill of exceptions, the following reasons being assigned by him for his ruling, viz.:

"Because the evidence was strictly in rebuttal. The State had put Walter Heath on the stand, and he was told to go on and state all he had heard and seen *at the difficulty* which resulted in the death of the deceased. This the witness did. The State could not anticipate the defense the accused was going to set up; when, however, he took the stand and testified, in his own behalf, among other things, his regret at what had occurred, his endeavors to relieve the wounded man in caring for him after inflicting the blow from which death was said to have resulted, and other statements of like nature, surely the State had a right to rebut proof of this fact by showing after the occurrence, when the witness called the attention of the accused to his victim's condition, he employed the remarks which he is said to have made.

"The district attorney stated at the time, that knowledge of the rebuttal evidence had only come to his knowledge since the defendant had testified.

"It is elementary, that, for the purposes of contradicting a witness, he may be recalled in order that his attention be directed to the time, and place of the statements, or circumstances that are attributed to him; and this rule applies as well to a defendant testifying in his own behalf. He then becomes an ordinary witness, and the alleged prohibition as to his constitutional right cannot avail him, etc."

The incriminating statement which is made the subject of this discussion, as it is incorporated in the bill of exceptions, is of the following tenor, viz.:

"That shortly after the alleged fatal blow, he, (the witness, Heath) had heard (the defendant) Favre, say, referring to the deceased, 'd—n him, let him die, I will pray for him.'"

From the foregoing statement it appears, that the defendant's objections are (1) that the State had not the right to recall him as a witness in rebuttal, at all; (2) and, if it be conceded that the State had the right, that it was too late to attempt an exercise of that right on rebuttal for the first time; (3) that the testimony sought to be elicited from the witness was testimony in chief, and should not have been withheld until after the defendant had closed his case.

In argument and brief, counsel urge the further objection, that the district attorney had failed, in the opening of his case, to make any affirmative proof of malice in the perpetration of the homicide by the defendant, that he sought by means of the testimony objected to, to supply the want of it on rebuttal, contrary to all rules of evidence; but nothing of that kind appears in the bill of exception.

The first two propositions are fully met and answered by the opinion of this court in State vs. Walsh, 44th An. 1122, wherein the same question was examined and decided.

From that opinion, we make the following extract, viz.:

"One of the defendants had testified. The day after he had been discharged as a witness, he was re-examined by the State. The district attorney stated to the court that he desired to have the accused called for the purpose of laying a foundation for a contradiction.

"The defendant's counsel objected and assigned as reason that the accused had been a witness in his own behalf; * * * that he had testified and had been cross-examined, and his examination closed; that he could not be recalled to be re-examined. The only objection, was, 'that the assistant district attorney could not place upon the

stand an accused person for any purpose, and particularly after said .accused had testified and retired from the witness stand.' "

The opinion then makes reference to similar statutes of other states .allowing accused persons to testify in their own favor, and says:

"It is generally stated, that if an accused chooses to waive the con--stitutional protection in his favor and become his own witness, he .may be recalled as any other witness in this case. He may be examined, and cross-examined, impeached and corroborated, etc."

That was the interpretation this court placed upon the phrase, "that if the accused avails himself of this privilege, he shall be subject to all the rules, that apply to other witnesses, etc." Section 2, Act 29 of 1896.

With regard to the third proposition, that the testimony sought to be elecited from the witness in rebuttal was evidence which should have been introduced in chief, it is sufficient to say, that the jurisprudence of this court on that question is to the effect, that while that is the general rule of evidence, it must yield in its application to the sound discretion of the trial judge, which will not be disturbed except in extreme cases. State vs. Pruett, 49th An. 293. State vs. Spencer, 48th An. 1.

The circumstances which are related in the transcript, sufficiently support the ruling of the judge, and we approve same.

### III.

The fourth bill of exceptions relates to the ruling of the trial judge disallowing a motion for a new trial, and the admission of the testimony of a petit juror, the tendency of which was to sustain the verdict, and dispute and deny the correctness of the averment of the motion for new trial.

The statement of the bill is, that the district attorney, on the trial of the motion, placed on the stand one of the jurors who had participated in the trial of the cause, by whom he sought to disprove the allegation of the motion to the effect that he, the aforesaid juror, had, previous to the trial, made a bet upon the result of the trial, and was, therefore, "biased, prejudiced and unfit to serve as a juror."

That defendant, by counsel, objected to any and all testimony by said juror as a witness, on the ground that he could neither impeach nor affirm his verdict.

State vs. Favre.

It is conceded, that the rule of jurisprudence is, that a juror who participated in the trial cannot be listened to to impeach his verdict; and the argument is, that the legal corollary of that rule is that he cannot be heard to testify to the *correctness* of his verdict when same is attacked—that being charged with incompetency and unfitness to be a juror is equivalent to charging the illegality of his verdict.

We have been cited to no adjudication of this court, on this question, and we know of none; but reasoning from analogy, we are of opinion that the contrary is true.

It would certainly be against public policy to allow a juror, by his own sworn statement, to impeach his own verdict, and such is the sense of all authorities.   2nd Thompson on Trials, Sec. 2618.

But that author states that this rule "does not extend to matters taking place out of court."  *Id* Sec. 2619.

He formulates the general rule, thus:

"Whilst the testimony of jurors will not be received to impeach their verdict, it does not follow that such testimony will not be received to sustain it when assailed.  If the jurors are accused of misconduct, they must always show by their oaths, not only in their own vindication, but in furtherance of justice, that they are not guilty of the misconduct charged against them."  *Id.* Sec. 2628.  State vs. Dumpley, 4 Minn. 438.  Hackley vs. Hastie, 3 Johns (N. Y.) 252. Taylor vs. Greely, 3 Maine, 204.  People vs. Hant, 59 Cal. 490.  Cannon vs. State, 3 Texas, 31.  Baslow vs. State, 2 Blackford (Ind.) 114.  Staunton vs. State, 12 Ark. 810.  State vs. Underwood, 57 Mo. 40.  State vs. Hastings, 6 N. H. 352.  Farrar vs. State, 2 Ohio St. 54.

The rule seems to very generally obtain in other courts of the country, and we can see no reason why it should not be applied in this court.

The particular objection which was urged against the verdict is, that one of the jurors accepted a bet on the prospective result of the trial, and was consequently disqualified to participate therein, because he was necessarily biased in judgment; and the argument of defendant's counsel is, that the particular juror was disqualified and incompetent to sustain, by *his own* evidence his qualification as a juror, on the trial of an application for new trial on the ground of his disqualification on that account.

The trial judge overruled the objection properly.

## IV.

The last bill of exceptions relates to a requested special charge,. which is couched in the following terms, viz.:

"We ask the court to charge,. that if the jury believe from the evidence, that the deceased died from the effects of wounds caused by falling against a door, or against the floor, or from a tumor;. or from a fall on the sidewalk; or the jolting in a dray, or from general neglect, or from any or all of the above causes, then you are bound to acquit the accused."

The trial judge gave the charge requested, with the following modification, viz.:

"But I charge you in connection therewith, that if you find from the evidence, that he (the deceased) died from wounds, or a wound inflicted by Hodges when Favre was acting in concert with him, then they are both guilty. That is to say, Favre is equally guilty as if he had himself dealt the fatal blow, if he was, at the time, present, aiding and abetting Hodges in the giving of the blow from which the deceased came to his death."

The objection urged to the foregoing modification of the defendant's. requested special charge is, that it was misleading and not a full and accurate exposition of the law bearing on the subject matter in controversy.

We entertain a contrary view, and regard the same as accurate and sufficient, and approve of the ruling of the judge.

An attentive examination of all the bills of exceptions has satisfied us that they disclose no reversible error.

Judgment affirmed.