(48 South. 1007.)

No. 17,437.

ST. LOUIS JEWELRY CO. v. IMBRA-
GUGLIO.

In re IMBRAGUGLIO.

(March 15, 1909.)

1. PROCESS (§ 134*)—RETURN—SERVICE—SUF-
FICIENCY.

A sheriff's return on the back of a citation, under the printed heading "Personal Service," that "on the 1st day of July, A. D. 1908, I made service of the copies of petition and citation above mentioned, by delivering them to —— in person, * * *" failed to show service on defendant, since nothing can be presumed with respect to citation.

[Ed. Note.—For other cases, see Process, Cent. Dig. § 167; Dec. Dig. § 134.*]

2. APPEAL AND ERROR (§ 1106*)—REMAND FOR
CORRECTION OF RETURN ON CITATION.

On appeal to the Court of Appeal from a default judgment, where the sheriff's return on the citation does not show service on defendant, the cause may be remanded for correction of the return.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4387; Dec. Dig. § 1106.*]

3. APPEAL AND ERROR (§ 1106*)—REMAND FOR
CORRECTION OF RETURN ON CITATION—NE-
CESSITY FOR SETTING ASIDE JUDGMENT.

Where, on appeal from a default judgment, the Court of Appeal remands the cause for correction of a defective return of the sheriff on the citation, which fails to show service on defendant, the judgment should be set aside, since for all that appears it was rendered without citation.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4387; Dec. Dig. § 1106.*]

Action by the St. Louis Jewelry Company against Joseph Imbraguglio. There was a default judgment for plaintiff, and defendant appealed to the Court of Appeal, which remanded the cause for correction of the sheriff's return on the citation, but did not set aside the judgment; and defendant applies for certiorari or writ of review to the Court of Appeal. Judgments of the Court of Appeal and district court set aside, and cause remanded to the district court.

Coco, Convillon & Coco, for applicant. Joseph Clifton Cappel, for respondent.

PROVOSTY, J. Defendant appealed from a judgment by default, relying upon the defectiveness of the sheriff's return on the citation. The return is on the back of the citation, under the printed heading, "Personal Service." It reads:

"On the 1st day of July, A. D. 1908, I made service of the copies of petition and citation above mentioned, by delivering them to —— in person.

"[Signed]      W. K. Pearce, Dy. Sheriff."

This return fails to show service on defendant, since nothing can be presumed with respect to citation. The Court of Appeal so found, and remanded the case to afford an opportunity for correcting the return. This was proper. The service may have been good, and a faulty return may be corrected. But the court did not set aside the judgment thus, for all that appears, rendered without citation. In this it erred. Adams v. Basile, 35 La. Ann. 101.

It is therefore ordered, adjudged, and decreed that the judgments of the Court of Appeal and the district court in this case be set aside, and that this case be remanded to the district court; plaintiff to pay all costs, except those incurred before entry of default, and the latter costs to abide result of suit.