No. 2096

Second Circuit

---

POLK v. SAUNDERS

---

(Dec. 11, 1926. Opinion and Decree.)
(Jan. 28, 1927. Rehearing Refused.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Evidence—Par. 68, 73, 89.**

A witness should not be allowed to testify to what he had previously sworn over

five years before, in the confirmation of a default, unless it was first ascertained that the witness could recall the facts previously testified.

2. **Louisiana Digest—Appeal—Par. 729.**

A case will be remanded for future trial where it is shown that evidence was introduced at the trial against the objection of the opposing counsel, which should not have been introduced until it was shown that the witness could recall the facts which happened over five years before.

Appeal from the Twelfth Judicial District Court of Louisiana, Parish of DeSoto. Hon. John H. Boone, Judge.

Action by J. E. Polk against D. W. Saunders.

There was judgment for plaintiff and defendant appealed.

Judgment annulled and avoided and case remanded for further trial.

Lee & Bell, of Mansfield, attorneys for plaintiff, appellee.

Carig & Bolin, of Mansfield, attorneys for defendant, appellant.

WEBB, J. The plaintiff filed this action on September 5, 1923, to annul a judgment rendered against him on April 26, 1921, in the cause of D. W. Saunders vs. J. E. Polk, No. 9497, on the docket of the District Court of DeSoto Parish.

He alleged that the judgment was null and void and without legal effect for the reason that defendant was not served with a copy of citation or petition in said cause, and did not take any appearance nor file answer therein.

Defendant answered denying that there had been want of service and alleged that domiciliary service had been made by delivery of copy of the petition and citation to Mrs. J. E. Polk, wife of plaintiff, at his domicile.

On trial, judgment was rendered in favor of plaintiff, annulling the judgment, and defendant appealed.

OPINION.

The judgment attacked was rendered on default and the record of the suit, filed in evidence in this case, does not contain any citation and the plaintiff, J. E. Polk, and his wife, testify that no service of process was made.

At the conclusion of plaintiff's testimony, the defendant, D. W. Saunders, offered in evidence the notes of evidence taken on confirmation of the default, which were admitted over the objection of plaintiff, J. E. Polk.

The notes of evidence offered show that C. P. Williams, deputy sheriff, testified on the confirmation of the default, reading in part as follows:

"Q. Mr. Williams, you are a deputy sheriff of DeSoto parish?
"A. Yes, sir.
"Q. You know Mr. J. E. Polk?
"A. Yes, sir.
"Q. Did you, in the suit of D. W. Saunders vs. J. E. Polk, make service on Mr. J. E. Polk?
"A. On his wife, Mrs. J. E. Polk.
"Q. When was that service made?
"A. It was made a day or two after we got the citation.
&ast; &ast; &ast;
"Q. And made at his domicile?
"A. Yes, sir."

Mr. C. P. Williams was then called by the defendant, D. W. Saunders, and permitted to testify, over the objection of plaintiff, that the suit had been filed and tried several years before and he had no independent recollection of having made any service of process therein, but that if

he had testified on confirmation of the default that service was made, that his testimony was correct; and he was further permitted to testify over the objection of plaintiff, in explanation of the testimony given by him on confirmation of the default.

The evidence further shows that Mrs. Polk and her husband were living together at the time the suit of D. W. Saunders vs. J. E. Polk was filed, and that she was above the age of fourteen years at that time.

Mr. Williams was not handed the testimony given by him on confirmation of the default in order to refresh his memory; he did not state that he had testified at that time, but the sum and substance of his testimony, given on the trial of this case, was that if he testified on confirmation of the default his testimony was correct, and that if he testified that service was made on Mrs. J. E. Polk, that the service was in fact domiciliary service.

Considering that the testimony given by a witness on confirmation of a default could be admissible in an action to annul the judgment rendered therein, by reason of the fact that the matter was remote and the witness is unable to recall the facts testified to, or that he had testified at all, we do not think such evidence would be admissible unless it was first ascertained that the witness could not recall the facts testified to after being shown the evidence.

The objection to the introduction of the notes of evidence taken on confirmation of the default should have been sustained, which would leave the testimony of J. E. Polk and wife uncontradicted, and thus support the judgment rendered.

However, as we conceive that defendant may have been taken at a disadvantage in permitting the introduction of evidence which does not appear to have been considered, we are of the opinion that it would be best to remand the case.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled and avoided, and that the cause be remanded for further trial; the cost of appeal to be paid by defendant, appellant.