## No. 3382
### Second Circuit

### SHEVNIN v. CHESTER

(January 21, 1929. Opinion and Decree.)

T. A. Carter and J. M. Shevnin, of Alexandria, attorneys for plaintiff, appellant.

Peterman, Dear and Peterman, of Alexandria, attorneys for defendant, appellee.

## STATEMENT OF THE CASE.

REYNOLDS, J.. Plaintiff, John Shevnin, sued defendant, A. J. Chester, in the District Court of Rapides Parish to obtain judgment against him for $319.25, alleging him to be a resident of that parish.

Citation was issued to the sheriff, who made return thereon as follows:

"Received C. & P. in this matter on the 29 day of Feb. 1928 and on the 29 day of Feb. 1928 made service thereof upon defendant at his domicile by handing same at the place of residence of said defendant at _____ in Rapides Parish, Louisiana, _____ miles from the courthouse of said parish to Sarah Francis Chester a person above the age sixteen (16) years residing in house occupied by defendant, which facts were ascertained by me from the person upon whom service was made before making such service.

"U. T. Downs, sheriff,
"By U. T. Downs."

Defendant filed the following exception:

"Now into court, through his undersigned counsel, comes A. J. Chester, defendant in the above numbered and entitled cause, and appearing herein solely for the purpose of this exception, excepts to the plaintiff's petition on the following grounds, to wit: that no proper or legal citation was made upon this exceptor, nor was any legal or proper return of service of said citation made herein. Wherefore, premises considered, exceptor prays that after hearing this exception be sustained and the suit be dismissed at plaintiff's cost. Prays for general and equitable relief."

A hearing was had on this plea and—

"Judgment rendered decreeing return to show defective citation and plaintiff be permitted to proceed by rule against party defendant and have sheriff amend his return so as to show proper citation."

Plaintiff thereupon filed a rule upon the sheriff and defendant to show cause why the sheriff's return should not be amended so as to show the facts. He alleged, in effect, that defendant had been legally cited and that the return was defective. He further alleged that the defendant was then an absentee, and he asked that he be served with the order to show cause pursuant to Act No. 179 of 1918.

The sheriff accepted service and answered, alleging that his return was incorrect and proposed to amend it so as to make it read as follows:

"I received copies of the petition and citation in the within matter on the 29th day of February, 1928, and, on the 29th day of February, 1928 made service upon the defendant, A. J. Chester, at his domicile, by handing the same, at his residence, No. 1415 Chester Street, Alexandria, Rapides parish, Louisiana, about one mile

from the court house, Rapides parish, Louisiana, to Sarah Frances Chester, a person above the age of sixteen years, residing in the house occupied by said defendant, said defendant being temporarily absent from the parish at the time, all of which facts were ascertained by me, sheriff, by interrogating the said Sarah Frances Chester before making said service.

"U. T. Downs, sheriff in and for the parish of Rapides, state of Louisiana."

Service was had upon defendant by delivering the copy to his attorneys.

To this rule to show cause the attorneys filed the following plea:

"Now into court came Peterman, Dear & Peterman, attorneys for the above named defendant, and appearing herein solely for the purpose of this exception, except to the service made on the undersigned, for the reason that in paragraph seven of the said petition for said rule it is alleged that the aforesaid defendant, A. J. Chester, is now an absentee, and absent from this state, being in the state of Texas, and appearers show that no proper or legal service can be made on an absentee except through a curator ad hoc duly appointed according to law.

"Wherefore, premises considered, the undersigned attorneys for the said A. J. Chester, upon whom service of the said rule was made, as aforesaid, pray that same be discharged at the plaintiff's cost.

"Pray for general and equitable relief.

"Peterman, Dear & Peterman,

"Attorneys for defendant."

The defendant filed the following plea:

"Now into court, through his undersigned counsel, comes A. J. Chester, made defendant in the above numbered and entitled cause, and expressly reserving his rights under the exception of want of proper service, heretofore filed in said cause, for answer to the petition for said rule, to show cause, says:

1.

"Respondent admits the truth of the facts alleged in the first paragraph of said petition.

2.

"Respondent admits the truth of the facts alleged in the second paragraph of said petition.

3.

"Respondent, not having sufficient information in regard to the truth of the facts alleged in the fourth paragraph of said petition, in order to justify a belief therein, respondent therefore denies same.

4.

"Respondent, not having sufficient information in regard to the truth of the facts alleged in the fourth paragraph of said petition, in order to justify a belief therein, respondent therefore denies same.

5.

"Respondent admits the truth of the facts alleged in the fifth paragraph of said petition.

6.

"Respondent shows that the averments contained in the sixth paragraph of said petition merely express the desires of the plaintiff concerning the said rule, and therefore respondent neither denies nor affirms said averments.

7.

"This respondent admits, as alleged in the seventh paragraph of plaintiff's petition, that he is now an absentee, and absent from this state, being in the state of Texas, and also admits that the law firm of Peterman, Dear & Peterman are his attorneys of record, but denies, as alleged in said paragraph, that service of said rule upon said attorneys is in accordance with Act No. 179 of 1918 of the legislature of Louisiana.

"Wherefore, premises considered, this respondent prays that after hearing said rule be discharged at the cost of said plaintiff.

"Prays for general and equitable relief.

"Peterman, Dear & Peterman,

"Attorneys for respondent."

On trial of the rule the following judgment was rendered:

"This matter coming on to be heard, after evidence adduced and argument submitted by counsel for plaintiff and defendant, the court having taken the matter under advisement, and considering the law and the evidence to be in favor of the de-

fendant above named, who is also defendant in said rule.

"It is, by reason of all the foregoing, ordered, adjudged and decreed, that the said rule heretofore taken in said cause on the 5th day of May, 1928, to show cause why the service and return of the citation issued and served in said cause on the 29th day of February, 1928, should not be amended, is hereby discharged, and

"It is further ordered, adjudged and decreed that the return of service of the petition and citation in this cause is invalid and illegal.

"Judgment rendered in open court on the 29th day of May, 1928.

"Judgment read and signed in open court on this the 31st day of May, 1928."

From this judgment the plaintiff appealed.

The defendant has filed in this court the following plea:

"Now come Peterman, Dear & Peterman, attorneys for A. J. Chester, defendant and appellee in the above numbered and entitled cause, and move to dismiss the appeal taken therein by the said John Shevnin, plaintiff and appellant, for the reason that the judgment of the Ninth Judicial District Court of Rapides parish, Louisiana, from which said appeal has been taken, was interlocutory and not final, nor was such judgment one that can cause the said plaintiff and appellant irreparable injury.

"Wherefore, premises considered, movers pray that, after hearing, this motion be sustained and said appeal be dismissed at the cost of the appellant.

"Pray for general and equitable relief."

## OPINION.

### ON MOTION TO DISMISS APPEAL.

We are of the opinion that the judgment was appealable.

Article 566 of the Code of Practice provides that—

"One may likewise appeal from all interlocutory judgments, when such judgments may cause him an irreparable injury."

It is alleged in the petition for the order to show cause and in defendant's answer thereto that since service of the citation defendant has permanently left the state of Louisiana and become a resident of the state of Texas and is in fact absent from the state of Louisiana. This being so, it will be impossible to make new service on him, either personal or domiciliary, and plaintiff could only obtain a personal judgment against him by instituting suit against him at his new domicile in the state of Texas. It requires no argument to show that this consequence would be an irreparable injury. It has been held by the Supreme Court in several cases, that where the consequences of an interlocutory order are such that they cannot be remedied by final decree, and the party will be driven to another action to obtain his rights, it is an irreparable injury, from which he may appeal. (State ex rel. Perkins vs. Judge, 12 La. Ann. 455, and cases there cited.)

The article, 566 of the Code of Practice, allows an appeal where an order *may* work an irreparable injury, and it appears to us that an order which necessarily compels a party, in order to enforce his rights, to institute another suit for the same cause of action is covered by the article.

See, further:

Barrow vs. Duplantis. 148 La. 149, 86 So. 718.

Goss vs. Turner, 149 La. 327, 89 So. 20.

We conclude, therefore, that the judgment was appealable.

## ON THE MERITS.

It appears from the answer of the sheriff to the rule to show cause and from the evidence taken on the trial of that rule that the defendant was legally served with copy of the petition and citation. Therefore the sheriff should have been authorized to make a proper return, by amendment or otherwise, conforming to the facts and the law. (Adams vs. Basile, 35 La. Ann. 101.)

See, further:

St. Louis Jewelry Co. vs. Imbraguglio, 123 La. 389, 48 So. 1007.

It is therefore ordered, adjudged and decreed that the judgment appealed from be avoided and reversed and the case remanded to the District Court and the sheriff permitted to amend his return and for further proceedings according to law.