No. 3106

Second Circuit

(Second Division)

POLK v. SAUNDERS

(April 9, 1931. Opinion and Decree.)

Lee & Bell, of Mansfield, attorneys for plaintiff, appellee.

Craig, Bolin & Magee, of Mansfield, attorneys for defendant, appellant.

TALIAFERRO, J. The present appeal is the second we have considered in this case. Heretofore it was remanded to the district court for a new trial. 5 La. App. 450. This appeal is prosecuted from the judgment of the district court following second trial, which is practically the same decree as was rendered after first trial, and by a different judge.

While this appeal has been pending the plaintiff and defendant have both died. The widow and heirs of each by motion have been substituted as parties to the suit.

In our former judgment the facts of the case were somewhat set out at length, and these will not again be repeated except in so far as may be necessary to our reasons for the present judgment.

The evidence in the record before us is about the same as was considered on the first appeal. Our appreciation of the entire record leads us to believe that no material change in the status of affairs has been wrought by the new trial.

During the second trial C. P. Williams, who testified in the first trial, was again sworn as a witness and interrogated at length touching his knowledge and recollection of the service of petition and citation on defendant, Polk, in suit No. 9457 on the docket of De Soto parish. This witness was a deputy sheriff when said suit was filed, and at date of second trial was sheriff of his parish. Most of his testimony was objected to by attorneys for Polk. However, the evidence of this witness, even considering it all, giving it full weight and credit, is worth very little in support of defendant's contention that a legal service was made on Polk in suit No. 9457. He states that on account of the lapse of time since said suit was filed, and having served so many papers over the parish, he has no independent recollection of the service on Polk, and could not say whether he served the papers on not.

Quoting a part of his own testimony, viz.:

"Q. You have no recollection at this time of having testified on the confirmation of default?
"A. No, sir; I don't remember it; don't remember a thing about it.
"Q. You do not at this time remember having made the service?
"A. No."

This witness further stated that, if he testified as a witness at the time case No. 9457 was confirmed on default that service had been made by him, then such evidence was true and he did make the service. Our view of the situation is such that, if we give all the evidence of this witness the weight counsel contends should be given it, the result will not show a legal service on Polk.

We quote the evidence of this witness when testifying when the case was confirmed on default:

"Q. You know J. E. Polk?

"A. Yes, sir.

"Q. Did you in the suit of D. W. Saunders vs. J. E. Polk make service on J. E. Polk?

"A. On his wife, Mrs. J. E. Polk."

Nowhere in this evidence is it shown that J. E. Polk was absent from home when this service was made on his wife. The deputy who it is claimed made the service does not now recall anything about it. This important link in the evidence touching the mode and manner of making the service is conspicuously absent. J. E. Polk and his wife both testify that no service was made on either.

Code of Practice, art. 189, lays down the essentials for a valid domiciliary service, viz.:

(a) That defendant be absent.

(b) That the papers be delivered by the officer to a person apparently over the age of 14 years, living in the house of defendant.

(c) That such house be the usual place of domicile or residence of defendant.

And the return should show these facts, plus:

(d) That officer know the name of person to whom papers were delivered, or ascertained same by interrogating him or her thereon.

A defective return may be amended to meet legal requirements if the service in fact was valid and legally made. The officer making service may be heard to correct or amplify a defective or ambiguous return, when such has been assailed, in order to have it conform to the true facts of service, but he cannot be heard to contradict his official acts as disclosed by the return. Baham v. Stewart Bros. & Co., 109 La. 1000, 34 So. 54; State v. Baum, 51 La. Ann. 1120, 26 So. 67; State v. Favre, 51 La. Ann. 441, 25 So. 93; O'Hara et al. v. Lumber Co., 42 La. Ann. 227, 7 So. 533; Adams & Co. v. Basile, 35 La. Ann. 101.

Let us further analyze the situation as reflected from all the evidence adduced on the trial in the lower court concerning the question of service. Suppose at this date the original citation that issued in suit No. 9457 should be discovered, and the sheriff's return thereon showed the same facts of service as he testified to at time of confirmation of the default on April 21, 1923, and said deputy could not recall how the service was made, of his independent recollection beyond what his return disclosed. In other words, the deputy could not recall if the defendant was absent from home at the time of the service or not. Would we not have the same situation as now confronts us? The return itself would be insufficient to establish valid service and no one to supply the missing facts, if such service were legal.

The deputy sheriff was permitted to testify, over objection of attorneys for Polk, his rule and practice as to the making of service of citation and petition in cases where he found the defendant absent from home. This line of testimony was elicited no doubt in an effort to eke out that such course was followed with regard to service on the defendant Polk. This evidence, even if admissible, can have no probative effect as against the established facts as we find them to exist.

The judgment appealed from is correct, and is hereby affirmed.