No. 4248

Second Circuit

(Second Division)

LONGINO v. HOME INS. CO. OF N. Y.

(January 14, 1932. Opinion and Decree.)

Kennon & Kitchens, of Minden, attorneys for plaintiff, appellee.

Thatcher, Browne, Porteous & Myers, of Shreveport, attorneys for defendant, appellant.

CULPEPPER, J.  This cause is before the court on an appeal taken by defendant from an admittedly illegal and null judgment rendered by default in favor of plaintiff.  Defendant, a New York corporation, made no appearance in the lower court until after the judgment had been rendered and signed.  It appeared seasonably by written motion after judgment for orders of suspensive and devolutive appeals, alleging: "That—no valid or legal citation has been made herein on petitioner, the defendant; that the judgment is contrary to law and the evidence. * * *"

Plaintiff, appellee, has filed a motion to remand the case, asserting that the "judg-

ment rendered herein is null and void, because no legal citation has been made on defendant, appellant * * *" and prays that the case be remanded "in order that proper citation should issue, according to law."

Defendant has interposed the objection to the motion to remand that same is premature, that "same cannot be considered prior to a definitive judgment on the merits" of the appeal; and that defendant is entitled to a hearing on the merits, and, thereafter, to a judgment annulling and reversing the judgment appealed from, "and dismissing plaintiff's action as of non-suit." Defendant prays for a hearing on the merits and for a definitive and final judgment.

It being conceded by both parties that the citation was illegal, which must be the foundation to the action, and conceded that the judgment was, in consequence thereof, null and of no effect, manifestly we cannot pronounce definitively upon the case. No legal judgment can be rendered on a defective citation, unless, of course, the defendant should appear and answer. This is well settled and needs no citation of authorities in its support.

But defendant urges its plea of prematurity as against plaintiff's motion to remand, and cites article 906 of the Code of Practice as governing the case. That article, we think, does not apply to cases of this character. It applies to cases in which a definitive judgment may or may not be rendered owing to the circumstances as to whether the court thinks certain testimony which was overlooked in the lower court, or which that court refused to receive, and which the appellate court finds is necessary to enable it to fully and finally decide the case and render justice to the parties. If the court, with the testimony in the record, thinks it can render a final judgment "according to conscience and the requirements of justice," it will refuse to remand the case to permit additional testimony. Otherwise the court, under the provisions of the article cited, may in its discretion order the case remanded.

Rhodes v. Cooper, 113 La. 600, 37 So. 527; L. A. Frey & Sons v. Town of Slidell (La. Supp.) 137 So. 193.

In the present case, however, no such circumstances have arisen. Even if they had, no amount of additional testimony could avail this court, or any other, anything, since any judgment that might be rendered would be stricken with nullity. The case should be remanded, not necessarily for the purpose of taking additional testimony to enable this court to fully try and determine all the issues between the parties, but to permit plaintiff to have citation issued and served legally. This, we think, is the proper course, and the authorities for doing so are ample. Michie v. Brown & Co., 20 La. Ann. 75; Adams & Co. v. Basile, 35 La. Ann. 101; St. Louis Jewelry Co. v. Imbraguglio, 123 La. 389, 48 So. 1007; Dupuy v. Arcenaux, 21 La. Ann. 629.

The plea of prematurity is therefore overruled, the judgment appealed from is annulled and set aside, and the case is ordered remanded to the lower court to permit plaintiff to have citation issue and be served legally and the case otherwise to be proceeded with according to law, plaintiff, appellee, to pay costs.