COLLINS<br>v.<br>WALLING.

---

## MARTHA ANN ARNOLD v. M. A. McBRIDE.

A married woman in the State of Mississippi, received money which, by the laws of that State, was protected as her separate property, and the husband converted the money to his own use; subsequently, they removed to Louisiana, where the husband died. Held: That the wife had no mortgage or prvilege upon the property of her husband's estate, but that she was to be regarded merely as an ordinary creditor.

APPEAL from the District Court of Caddo, Jones, J. Thomas T. Land, for plaintiff. R. T. Buckner, for defendant. The judgment of the court was pronounced by

Rost, J. Under an act of the Legislature of the State of Mississippi, approved on the 15th of February, 1839, married women may become seized or possessed of any property, real or personal, by direct bequest, demise, gift, purchase or distribution, in her own name, and as of her own property, provided the same does not come from her husband after coverture.

The plaintiff was married in the State of Mississippi, in 1843; and after her marriage, received, by distribution from her father's estate and by gift from one of her uncles, property and money, admitted to amount together to the sum of five hundred and twenty-five dollars, which money and property her husband took and converted to his use, in the State of Mississippi. They subsequently removed to Shreveport, in this State, where the husband acquired a town lot. He has since died, and the plaintiff claims from the administration of his succession, five hundred and twenty-five dollars, with privilege and mortgage on the property acquired in Louisiana. The judgment recognizes her as a creditor of her husband's succession for the sum claimed; and orders her to be paid in the course of administration, but objects her claim for a mortgage and privilege. She has appealed.

The mere statement of the case shows the correctness of the judgment. The appellant did not bring her money and property with her to Louisiana. It had been previously converted by her husband to his own use; and he was her debtor in the State of Mississippi, without mortgage or privilege. The nature of the debt could not, upon any principle, be changed by the removal of the parties to Louisiana. The laws made for the protection of married women, only took effect upon the property which the plaintiff brought with her in kind, or upon that which she or the community acquired after the removal.

The judgment is affirmed, with costs.