## No. 11,065.

THE STATE OF LOUISIANA VS. ALLEN BEEDER, ALIAS BEEDLE.

1. The Supreme Court having appellate jurisdiction on questions of law alone, it will not revise the refusal of the lower court to grant a motion for a new trial based solely on an alleged deficiency of evidence to make out a case. State vs. Deschamps, 42 An. 575.

2. Art. 130 of the Constitution does not make the authority of either of the judges of the Criminal District Court of Orleans to try a case dependent upon a recital in the minutes of the fact of an allotment of the same having been made.

3. A minute entry to the effect that "the grand jurors having found a true bill upon the indictment herein preferred, and the same, together with their finding, having been regularly returned into open court, recorded and filed, and the same having been regularly allotted to Section 'B' of this court, Allen Beedle, in person, was placed at the bar of this court to be arraigned on the charge preferred against him, and having heard the said indictment read, pleaded not guilty," shows that the requirement of Art. 130 was complied with. It was not necessary that the record should show the manner or ￯process by which the allotment was made. It is sufficient that it shows it was done, and the legal presumption follows that it was rightly done.

4. A defendant who complains, not that there has been no allotment of his case, but only of the manner in which it has been made, must advance it before going into trial, and point out specifically his objections, which objections must be affirmatively established as against such a minute entry as was made in this case.

5. Objections that defendant was not served with a copy of the indictment and venire, and that one of the petit jurors who tried the case was an alien, come too late when raised for the first time after verdict.

6. Act No. 98 of 1880 is not a local and special law in the sense of Art. 48 of the Constitution, and there was no necessity prior to its enactment for the notice to be given, required by that article.

7. Defendant shows no interest and no right to attack the constitutionality of Act No. 98 of 1880 as contravening Art. 46 of the Constitution, and as being a statute which attempts to regulate the practice and jurisdiction of a particular court. If that statute were read out of the books defendant's case would fall under the operation of antecedent laws, and under those laws the proceedings against him would still be regular, and his conviction legal.

8. If the authority of the governor to appoint the jury commissioners was not to be found in Act No. 98 of 1880, it would be found in Act No. 24 of 1878 (E. S.), and

State vs. Beeder.

on the score of their official authority would be as valid under one statute as under the other. Defendant has no interest in tracing the authority to the particular statute.

9. Defendant's objections to the constitutionality of the act, made under such circumstances, are in reality a challenge to the array taken after verdict, and out of time.

APPEAL from the Criminal District Court for the Parish of Orleans. *Baker, J.*

*J. R. Land,* District Attorney, for the State, Appellee:

1. Supreme Court having no jurisdiction in criminal cases to review questions of fact, the evidence, though reduced to writing and made part of the record, will not be examined for the purpose of determining whether it authorized a conviction, or the refusal of a new trial asked for on the ground that it did not. 30 An. 401; 32 An. 526; 38 An. 497.

2. The Supreme Court having appellate jurisdiction on questions of law alone will not revise the refusal of the lower court to grant a motion for a new trial based solely upon an alleged deficiency of evidence to make out the case. 30 An. 1176; 33 An. 34; 34 An. 346.

3. Where defendant goes to trial without objection, it is too late after verdict to object for the first time that he has not been furnished with a copy of the indictment two entire days before the trial. 23 An. 194; 33 An. 135; 36 An. 153.

4. Act 98 of 1880 is constitutional in so far as it provides a board of jury commissioners to draw juries for the trial of prosecutions in the Criminal District Court of the parish of Orleans. State vs. Crowley, 33 An., p. 783.

5. Objection to the legality of the drawing of a jury must be made before trial. Objections to the qualifications of jury commissioners must be urged in the preliminary stages of the trial. 33 An. 896.

6. A motion in arrest of judgment lies only for substantial defects patent on the face of the record. An objection that the grand jury was illegally constituted can not be taken advantage of after verdict, by a motion in arrest of judgment. B. C. P., Vol. 1, Secs. 887, 1285; 36 An. 96; 33 An. 896.

*M. J. Cunningham,* Attorney General, and *Lionel Adams,* Assistant District Attorney, on the same side:

1. In a criminal cause error will not lie on the refusal to grant a new trial on the ground that the verdict was contrary to law and the evidence. A question of fact which the Supreme Court can not determine is an insuperable objection to the exercise of its jurisdiction, which is confined to questions of law alone. Con., Art. 81; 11 An. 478; 16 An. 308; Ib. 385; 26 An, 383; 27 An. 572; 30 An. 1269; 32 An. 33; 33 An. 34, 785; 34 An. 347; 35 An. 96; 37 An. 6, 40; 38 An. 173, 308, 320, 491, 499; 39 An 673; 42 An. 229, 567, 803; 43 An. 401, 406; 44 An. 94.

2. Where the accused goes to trial without objection it is too late after verdict to complain for the first time that he has not been furnished with a copy of the indictment two entire days before the trial. 4 An. 379; 6 An. 691; 7 An.567; 12 An. 679; 14 An. 667; 20 An. 145; 23 An. 194; 33 An. 138; 36 An. 154. Or that he was not served with a copy of the venire. 6 An. 691; 7 An. 47; 12 An. 679; 14 An 667; 20 An. 145; 23 An. 194; Ib. 621; 30 An. 114; 33 An. 138; 33 An. 476.

State vs. Beeder.

3.   When the record shows that the prosecution was duly allotted to the trial court, the presumption is that the requirements of Art. 130 of the Constitution were fulfilled, and that the allotment was rightfully made.  34 An. 350;  Lawson on Presumptive Ev. 30.  The prosecution may be lawfully apportioned before indictment.  34 An. 1198.

4.   The objection that one of the jurors who returned the verdict of guilty was an alien comes too late after conviction.  8 Rob. 590;  13 An. 276;  21 An. 546;  25 An. 868;  Ib. 417;  26 An. 383;  35 An. 976; 38 An. 499.

5.   All objections to the manner of drawing juries, or any defect or irregularity that can be pleaded against any array or venire, must be urged before trial.  Act 124 of 1874, Sec. 5;  Act 56 of 1877, Sec. 5;  Act 44 of 1877, Sec. 11;  46 An. 141;  28 An. 187;  31 An. 379;  Ib. 825;  33 An. 896;  Ib. 1403;  36 An. 96;  38 An. 502;  Ib. 207.

6.   Nor will any irregularity in drawing or selecting a jury be sufficient cause to challenge the array unless fraud has been practised, nor unless injury results.  Act 44 of 1887;  26 An. 579;  31 An. 81;  32 An. 34;  33 An. 1362;  33 An. 1414;  35 An. 1098;  37 An. 376;  38 An. 459.

7.   Act 98 of 1880 is not a local or special law, but an enabling act passed to carry into effect the provisions of Art. 130 of the Constitution.  It is not violative of any of the constitutional articles—46, 48 or 116.  33 An. 872;  37 An. 165;  Ib. 368.

---

*Jos. D. Kiernan* for Defendant and Appellant:

1.   The judges of the Criminal District Court obtain jurisdiction of all cases there from their inception in the court to final determination only from the moment a case has been apportioned by lot between the judges.  Louisiana Con., Art. 130.  Every proceeding in the Criminal District Court must be of record.  The equal apportionment by lots of any case is part of the proceedings, and unless the record of a case shows who allotted it, and how and when it was allotted, neither judge of the court has jurisdiction over it.  Louisiana Con., Art. 130.

2.   A record of court proves itself parol; evidence can not establish its contents.  Rec., pp. 35, 37.

3.   Act No. 98 fixes the qualification of every person to be empaneled by the judge on a list of jurors.  Every juror must be a citizen of this State, and the discovery after verdict that a juror is an alien is a good ground for a new trial.  For the act itself tells the accused that every man on the panel is a citizen of the United States and of this State.  Act 98 of Louisiana of 1880 is unconstitutional and in violation of Arts. 130, 116, 46 and 48 of the Constitution of Louisiana.  Rec., pp. 16, 22.

---

The opinion of the court was delivered by

NICHOLLS, C. J.  The defendant, Allen Beeder (alias Allen Beedle), having been convicted of murder and sentenced to be hung, appeals from the judgment of the lower court, and relies for reversal upon a motion for a new trial, and a motion in arrest of judgment made in the District Court and overruled.

The first two reasons in the motion for a new trial cover the same ground, that the verdict was contrary to the law and the evidence.

64

In overruling these two grounds the court assigned as a reason that the evidence established a deliberate and cruel murder beyond any question of doubt. The judge's conclusions on that subject can not be reviewed by us on appeal.

The *third reason* assigned was that Section "B" of the Criminal Court was without authority and jurisdiction to try the case BECAUSE the minutes did not show that the indictment was ever allotted, or that the two judges had equally apportioned the same between them; the *fourth*, that the indictment had never been allotted as is required by the Constitution, Article 130; the *fifth*, that the defendant was not served with a copy of the indictment and a list of the panel of jurors to try the case; the *sixth*, that one of the jurors on the petit jury which tried the case was an alien, a fact not known to accused at the time he was accepted as a juror; the *seventh*, that Act No. 98 of 1880, "*creating a Board of Jury Commissioners*," etc., is violative of Articles 46 and 48 of the Constitution, and, therefore, unconstitutional.

The motion in arrest is to the effect that all the proceedings in the case were absolutely null and void, for the reason that there was no proper and legal indictment found against the defendant, for the reason that Act No. 98 of 1880, under and by authority of which the grand jury of the parish of Orleans found the indictment, was unconstitutional, in violation of Articles 46 and 48 of the Constitution.

The first two grounds have already been disposed of.

The position taken by the defendant in his *third reason* for a new trial, that the "jurisdiction" of the Criminal District Court to try this case is *dependent upon* what the *minutes* should show in respect to an allotment, has probably resulted from the fact that in the appellate court judgments have been frequently reversed absolutely or cases remanded on account of the failure of the record to show the existence of certain facts which should be shown in order to sustain the action of the lower court.

From these decisions the defendant has fallen into the error of not discriminating between the "existence" of a thing and the "evidence" to establish it. Defendant's position "*as taken*" was not well taken. In so stating there is no inconsistency in saying that under certain circumstances we might have reversed this judgment entirely or remanded the case for further proceedings had there been nothing in the record to show any allotment. The Constitu-

tion, however, does not only not make the jurisdiction of the court dependent upon *the recital in the minutes of the fact* of an allotment, but it is absolutely silent as to the necessity of any record whatever. State vs. Blackman, 35 An. 483.

As a matter of fact we find the following minute entry under date of 21st March, 1892, on the minutes of Section "B" of the Criminal Court: "State of Louisiana vs. Allen Beeder, alias Allen Beedle. Indictment for murder.

"The grand jurors of the State of Louisiana duly empaneled and sworn in and for the parish of Orleans having found a true bill upon the indictment herein preferred, and the same, together with their finding, having been regularly returned into open court, recorded and filed, *and the same having been regularly allotted to Section "B" of this court*, Allen Beeder, alias Allen Beedle, in person, was placed at the bar of the court to be arraigned on the charge therein preferred against him, and having heard the said indictment read he pleaded 'Not guilty' thereto. The court ordered his plea recorded and the accused remanded to await further proceedings in this cause."

We may understand defendant's *fourth ground* to mean either that there has been no allotment whatever of this case, or that there has not been such an allotment as is required by Art. 130 of the Constitution of the State.

If the first idea was intended, the facts of the case do not bear the defendant out in his contention. The objection having been raised on a motion for a new trial, the district judge permitted the fact as to whether an allotment had been made to be examined into, and evidence was heard on that point which supports thoroughly the minute entry.

If defendant's attention was to contest merely the *manner* of the allotment, he should have urged it before going into trial, and should have made known the specific grounds he relied on. To say that the allotment was not *such as* the Constitution required was entirely too general. But, as has been said, the Constitution is absolutely silent as to any details of the allotment in the Criminal District Court. In the first part of Art. 130 (when referring to the Civil District Court) the allotment was ordered to be made under "rules of court" to be adopted for that purpose, but in the latter part (when referring to the Criminal District Court) nothing was

said on that subject. In the absence of any statute regarding it, the only possible way for the Criminal District Court to carry out the requirements of the Constitution was (as the Civil District Court was *required* to do) to establish rules to govern its action, and we presume not only that it has done this, but that the allotment in this case has been made in accordance with them. If the allotment was not so made, it was defendant's duty to have shown that fact affirmatively, and he should have introduced the rules in evidence and brought them up with the transcript. Only in that way can we come to a knowledge of them (Hennen, page 76, No. 4). In the case of the State vs. Shalling, 34 An. 350, speaking of an entry similar to the one in this case, this court said: "The entry showed that the requirement of the Constitution was complied with—that this prosecution was allotted to Section ' B ' of the court, and there is nothing in the entire record that impairs the force or legal effect of this entry, or weakens the presumption that the allotment was rightly made. It is not necessary that the record should show the manner or process by which the allotment was made. It is sufficient that it shows that it was done, and the legal presumption follows that it was rightly done." State of Louisiana vs. A. C. Blackman, 35 An. 483.

The court alluded to the case of the State vs. Ardotto (34 An. 1), saying it was not applicable to the one at bar as the record was presented.

We make the same remark here. In the Ardotto case there was an utter absence of any allotment whatever. Here there would be, at best, an irregular or informal allotment.

We think it well to repeat what we have already said, that an objection of that character should be seasonably made, and when made as against such an entry as we find in this case, affirmatively established. There is much force in the views expressed by Mr. Justice Manning in his concurring opinion in the case of the State vs. Williams, 34 An. 1198, where he said:

"The sole object of the constitutional requirement that criminal proceedings should be apportioned between the judges by lot is to prevent any selection of cases by preference.

"Chance must determine which judge shall try each case. When that is accomplished it is a matter of indifference how or at what stage of the proceedings the lot is cast. The constitutional provision

is of that character that requires the most liberal construction in the interests of society and public order."

In passing upon the *fifth* and *sixth* of the complaints set up in the motion for a new trial against the regularity of the proceedings had at the trial, which were to the effect that reversible error is to be found in the fact that copies of the indictment and *venire* were not served upon the defendant two full days before his trial, and that one of the jurors who sat upon the trial was an alien, the district judge said: "The objection that the defendant was not served with a copy of the indictment and *venire* comes too late when raised for the first time after verdict. The alienage of a petit juror is ground for challenge, but not for objection after verdict." The authorities sustain the judge in these rulings.

The last reason assigned for a new trial and that embodied in the motion for an arrest of judgment cover the same ground—they both attack the constitutionality of Act No. 88 of 1880 as violative of Arts. 46 and 48 of the Constitution of 1879.

The defendant assuming that statute to be a local and special law claims that it was enacted without the preliminary notice required by Art. 48, and that it contravenes Art. 46 in that it attempts to regulate the practice and jurisdiction of a particular court.

The question of the constitutionality of that statute has been twice before this court; once in the case of the State vs. Crowley, 33 An. 782, and once in the case of the State vs. Dalon, 35 An. 1142, and in both instances the law was upheld.

In the latter case, where the precise point was made which is taken here, that the notice required by Art. 48 was not given, the court held that it did not fall under the provisions of Art. 48, as it was not a local or special law in the sense of the article relied on, and at some length it went into an examination of the meaning of these terms. The decision in that case controls the present one.
· We do not see what interest the defendant would have in obtaining a decree declaring the unconstitutionality of Act No. 98, for were we to read the act out of the statute book the position of the defendant would not be bettered. Were we to say that the Governor of the State has no authority to appoint jury commissioners under the authority of that statute, their appointment by him would be still sustainable under Act No. 24 (E. S.) of 1878, and their acts on the score of their official *status* would be valid.

State ex rel. Baumann vs. Sheriff.

We do not see in what way the defendant is concerned in tracing the Governor's power of appointment to any particular source.

If it be gran ed that the commissioners were legally appointed, defendant's objection to the constitutionality of the act bears—if it has any bearing at all—merely upon the manner of their action, and resolves itself into nothing more or less, as was said in 35 An. 96, than a challenge to the array after verdict, and as such not seasonably made.

The character of the objection is not changed by the form in which it is presented.

We do not see wherein any provisions of Act No. 98 touch defendant's case or injuriously affect his rights, or wherein it attempts to regulate the practice of the court or its jurisdiction to his detriment.

If anything in the act had that effect it was defendant's duty to have pointed out to us specifically wherein he was aggrieved. 25 Pacific Reporter, 248.

As we understand the situation, the destruction of Act No. 98 would cause defendant's case to fall under the operation of replacing antecedent laws, and by those laws to leave the proceedings against him still regular, and his conviction legal.

For the reasons herein assigned it is hereby ordered, adjudged and decreed that the judgment of the lower court be and the same is hereby affirmed.

Judgment affirmed.