## No. 12,713.

### Riley Y. Woodlief vs. George C. Logan et als.

A final judgment should be read in open court.

While it is not necessary that the judgment shall recite that it was read in open court, if the judgment does not so recite, it should affirmatively appear by proper entry in the minutes.

For the purpose of the trial of the rule to dissolve the injunction, the averments of the petition were taken as confessed. By them it appears that the judgment was not read in open court. In the absence of any evidence of record, showing compliance with Art. 543, C. P., in regard to reading the judgment in open court, the court holds that the question is jurisdictional, and that there can be no valid judgment without reading it as required, and entry in minutes also showing that it has been signed. It must appear that the act of reading and signing the judgment was in open court and not at chambers.

APPEAL from the Civil District Court for the Parish of Orleans. Rightor, J.

Rice & Montgomery for Plaintiff (defendant in injunction), Appellee.

James McConnell, Jr., for Defendants (plaintiffs in injunction), Appellants.

Argued and submitted May 18, 1898.
Opinion handed down May 30, 1898.

The opinion of the court was delivered by

Breaux, J.  Some of the sureties of George C. Logan, a subcontractor for carrying the United States mail, appeal from an adverse judgment condemning them to pay an amount on the subcontractor's bond.

The heirs and representatives of one of the sureties did not appeal from the judgment, but sued out an injunction and alleged in their

petition that the judgment was null and void, for the reason that it was not read and signed by the judge in open court.

The special averment of the appellant on this point was, that during a temporary recess of the court and after the judge had left the bench, and prior to reascending the bench, without reading the judgment handed to him by plaintiff's counsel, he (the judge) handed it to the clerk with instructions to enter it upon the minutes; and that he failed to comply with the requirement: "All judgments shall be read by the judge in open court."

In the second place the averment is, that on the date the judgment bears, the presiding judge of the court was ill and unable to attend court, and that the judgment was not *signed* in open court.

There was, it appears, a hearing for preliminary injunction (on the application for an injunction) before another judge than the one by whom the judgment had been pronounced; the latter was at the time absent on leave.

On this hearing the judge took notice of the minutes of the Civil District Court for June 18 and June 25, 1897. They were copied in the transcript of appeal.

Entertaining some doubts as to the validity of the judgment, for reasons assigned a preliminary writ of injunction or rule *nisi* was issued on the application for an injunction.

The judge by whom the judgment (assailed as null) had been pronounced having returned, counsel for plaintiff interposed before his court a rule to dissolve the injunction, on the ground chiefly that the petition for injunction disclosed no legal or equitable grounds therefor.

Though other grounds were assigned in the rule to dissolve, appellants' counsel informed us in open court that he urged in the lower court, only the ground last stated.

Appellants invoke the rule well known that upon the trial of a rule to dissolve, upon the face of the papers, its averments are taken as confessed by the plaintiff in rule.

The court sustained the rule and dissolved the injunction with damages.

From the judgment the plaintiff in injunction prosecutes this appeal.

It does not appear by the entries in the minutes that the judgment was read in open court. Nor do the minutes make it appear that the judgment was signed.

The article of the Code of Practice, 543, calls for the reading of all judgments by the judge in open court.

The chief reliance of the plaintiff Woodlief, defendant in injunction, in support of his execution of the judgment assailed by plaintiffs in injunction, is upon the minutes, contradicting, he asserts, the allegations of complainants' petition, or explaining or modifying the averments of their petition, and he contends further that plaintiffs' allegations could only be sustained by parol; that the minutes can not be contradicted by parol.

He invoked the rule that only that is considered pleaded at all which is pleaded well; that upon a rule to dissolve an injunction, pleadings are not to be taken as true when they lead to the impossible or impracticable, that it would serve no purpose to set aside proceedings and remand a case to enable one to offer evidence which the court under the rules of evidence must decline to receive as not admissible.

We have not discovered from the minute entries that the judgment was read in open court, or that it was signed. It is conceded that the judgment was signed, but it is alleged that it was signed by the judge at his home, as he was ill at the time and could not have been in court.

We have not found after an attentive reading of the record that the testimony, admissible under the allegations of the petition of plaintiff in injunction, would contradict the minutes. They (the minutes) are absolutely silent upon the subject, and for that reason evidence would be admissible to prove the facts alleged and to have them accordingly amended.

We were then brought to a consideration of the question presented of no ground for the injunction from the point of view urged by plaintiff, defendant in injunction, that the defect was one of form. The question was not free from difficulty in deciding it. Were it *res nova* it may be that our conclusion would be different.

In Hernandez vs. James, 23 An. 483, the court perpetuated an injunction on the ground that a judgment rendered out of term time is null, though the judge *a quo* assumed that it was term time.

In Laurent vs. Beelman, 30 An. 363, the court held that a final judgment in default signed at chambers is void.

A similar question was presented in State *ex rel.* R. R. Co. vs. Judges, 48 An. 905; this court in that case decided that a judgment

must be read and signed in open court; citing Culver vs. Hart, 21 An. 306; Hernandez vs. James, 23 An. 483; State *ex rel.* Dixon vs. Judge, 26 An. 119; Succession of Bougere, 29 An. 378; Laurent vs. Beelman, 30 An. 363.

The matter in hand was treated in all these cases as jurisdictional.

From that standpoint we are of the opinion that it should appear affirmatively somewhere in the proceedings that the judgment was read and signed in open court; especially in view of the admission for the trial of the rule; that the judgment was not read and signed in open court.

The case is remanded in order that the judgment may be read in open court, and signed, if it has not heretofore been read and signed in open court.

It is ordered, adjudged and decreed that the judgment appealed from is annulled, avoided and reversed.

It is ordered, adjudged and decreed that the case be remanded, to be proceeded with in accordance with law and the views herein expressed; that the appellee pay the costs of appeal.