(34 South. 54.)

'No. 14,385.

BAHAM v. STEWART BROS. & CO. et al.

(Jan. 5, 1903.)

CITATION — VALIDITY — SHERIFF'S RETURN — NULLITY OF JUDGMENT—EVIDENCE—SERVICE OF CITATION—OBJECTIONS—ENTRY OF JUDGMENT.

1. The citation in a case must not be confounded with the sheriff's return upon the citation, which recites his own actions in the matter of the service thereof. The citation may be good, though the return for some reasons be irregular, while the return may be perfect in its recitals, yet the citation be null.

2. In an action for nullity of judgment for want of citation, the plaintiff must make his attack by negativing the existence of the acts themselves upon which by law the citation is made to rest. He should not simply attack the recitals of the sheriff's return.

3. The rule that the acts of the sheriff must be evidenced by his official return, and not by the testimony of third parties who may be cognizant of them, does not exclude, in an action for nullity of judgment, parol testimony taken to support the citation as to collateral facts, not involving the actions of the sheriff, but existing independently of the return, and in regard to which the return was silent. Thus, where the sheriff returns that he has made the service upon the defendant, A. B., by delivering at his residence, six miles from the courthouse, at a certain time, certified copies of the petition and citation to his wife, Mrs. A. B. (A. B. being absent at the time from his residence), parol evidence is admissible to show affirmatively that A. B. had had but one residence, which was that where the service was made; that A. B. was a married man; that his wife was over 14 years of age; and that she resided with him.

### On Rehearing.

4. Where a defendant has had actual service of citation made upon him, but through a citation addressed to him which contained only the initials of his name, he should, if he wishes to object, do so before confirmation of default. He cannot reserve the objection to be used as a ground for an action of nullity, especially where he does not deny as a fact that he was the party who signed the note sued upon.

5. The law requires that final judgments should be signed by the judge, but does not exact that the physical act of signing should be made in open court. Article 543 of the Code of Practice, however, requires that they be read in open court. Until signed and read, they are inchoate—inoperative as judgments—and no execution can issue upon them.

(Syllabus by the Court.)

Action by Andrew J. Baham against Stewart Bros. & Co. and others. Judgment for defendants, and plaintiff appealed to the Court of Appeal, which modified the judgment, and defendants apply for certiorari or writ of review to the Court of Appeal. Modified.

William H. McClendon, for applicants. Clay Elliott, for respondent.

### Statement of the Case.

NICHOLLS, C. J. Stewart Bros., the applicants in this case for a writ of review, set out in their petition upon which they rely for reversal as follows:

"Before stating the error complained of, in order that this court may more readily

understand the issues involved, a brief résumé of the case is given:

"Stewart Bros. obtained a judgment against A. J. Baham in the district court for Tangipahoa on the 29th of April, 1893, for three hundred and eighty-seven dollars and thirty cents, with interest from December 18, 1891. This was a judgment on confirmation of default.

"In the year 1900, execution was issued upon said judgment, and the property described in the petition of A. J. Baham was seized and advertised for sale. The petition of A. J. Baham for injunction and to annul the judgment of the district court was filed December 22, 1900.

"Stewart Bros. filed a plea of prescription of one and five years in bar of plaintiff's action for nullity of the judgment. The plea was referred to the merits.

"The injunction was tried in June, 1901. The court rendered oral judgment. A motion for a new trial was granted. The case was tried in October, 1901, and judgment was rendered by the district court and signed January 10, 1902, rejecting plaintiff's demand to have the judgment annulled, but sustaining his injunction on the ground that the writ of fi. fa. was prematurely issued; there being no evidence that a notice of the judgment against Baham had ever been served on him. From this judgment, Baham, plaintiff in injunction, appealed to the Court of Appeal. The Court of Appeal perpetuated the injunction and decreed the nullity of the judgment upon the ground stated in their opinion and decree, to wit:

" 'The sheriff's return on the citation in the case of Stewart Bros. & Co. v. A. J. Baham reads: "Received in office April 8, 1893, this citation, together with certified copy of same and certified copy of plaintiffs' petition, and on the 8th day of said month and year served said copy of this citation and certified copy of plaintiffs' petition on defendant, A. J. Baham, by delivering same to his wife, Mrs. A. J. Baham, at his residence, A. J. Baham being absent at the time, which fact I learned by interrogating the said Mrs. A. J. Baham, residing six miles from the courthouse. I now make this my return on the 12th day of same month and year. This my report. [Signed] E. B. Dees, Deputy Sheriff."

" 'The return of the sheriff does not show a sufficient service under article 189 of the Code of Practice. It should have stated, "made at the usual place of domicile or residence by delivering them to a person apparently above the age of fourteen, living in the house." ' "

An examination of the record shows that Andrew J. Baham obtained from the district court for the parish of Tangipahoa an injunction against the sale of certain property of his which was seized by Stewart Bros. & Co. in execution of a judgment which they had obtained against him on the 29th of April, 1893. In addition to his prayer for relief against the sale of his property, he prayed that the judgment be decreed null and void. In his petition he averred that the citation which issued in that case did not mention defendant's name; that there was no service of citation made on petitioner; that the service of citation relied upon was a domiciliary one, and in his return the deputy sheriff stated that service was made by delivery on petitioner's wife, "Mrs. A. J. Baham"; that his wife's name was Lucinda C. Baham, and she did not inform the deputy that her husband was "Mr. A. J. Baham"; that the return did not show that the service was made "at the usual place of domicile or residence of petitioner," nor that the same was served by delivery "upon a person above the age of fourteen years living in the same house." Under reservation of these particular objections, he contingently urged that the judgment which was rendered was obtained by default, and failed to show that defendant had been regularly cited, and that more than ten days had elapsed, and that, defendant failing to appear, a judgment of default was rendered against defendant in favor of the plaintiffs.

That said judgment was not rendered by the judge in open court.

Under reservation of these objections, he urged, should the judgment not be held to be null, that the execution and seizure were illegal, as no notice of judgment had been given him. Stewart Bros. & Co. excepted that the judgment sought to be annulled had acquired the force of res judicata; that plaintiff's petition disclosed no ground for injunction, his remedy, if any he had, being by appeal.

Under reservation, he answered, pleading first the general issue. He averred that the judgment attacked was legally rendered; that it was a final judgment, valid in law; that defendant in the suit was legally cited therein; that the deputy sheriff was well acquainted with the wife of the defendant; that the said wife was at the time of service more than 14 years of age, and was living at the time in the same house with her husband at his residence in the parish of Tangipahoa; that her legal home was that of her husband; that the judgment was rendered by default, but the same was regular in form; that a note of testimony was taken, and the same was regularly tried in open court; that the judgment is in the form adopted and used in all the courts of the district, comprising the parishes of St. Tammany, Washington, Tangipahoa, St. Helena, and Livingston, for more than 30 years past; that the judgment was read aloud and in audible voice in open court by the minute clerk of said court on the ——— day of April, 1893, and the same was read and signed by the presiding judge, Robert R. Reid, in open court, sitting upon the bench, on the day of its date, in presence of the officers of the court and members of the bar, while the court was in session; that the judgment was duly recorded on May 2, 1893, and said recording operated as a legal notice of judgment to the defendant; that the writ of fi. fa. which had issued was legally issued, and defendant had notice of said judgment before same was issued, but, if he had not, then the right to notice was barred by the prescription of five years; that if it should be held that defendant had not been given notice of judgment prior to the issuing of the writ, and his right to require notice had not been prescribed, then defendant had been given notice of the judgment on December 21, 1900, 29 days before the filing of the answer of the defendant in injunction, and the plea of want of notice could no longer avail him; that plaintiff had repeatedly acknowledged the debt to Stewart Bros. & Co. since the judgment had been rendered, and promised to pay the same; that plaintiff in injunction had by lapse of time waived all informalities, if any there were; that he lulled defendant in injunction into security, and was abusing his benevolence by issuing an injunction against a debt which he had repeatedly acknowledged; that he was entitled to damages which he claimed for a wrongful injunction. The district court rejected the demand for the nullity of the judgment, but sustained the injunction against the sale of the property on the ground that the writ of fi. fa. had issued prematurely. It set aside the writ and the seizure made under it. Baham appealed to the Court of Appeal. Defendants answered the appeal, praying that the judgment, in so far as it had decreed the writ of fi. fa. which had issued to have been premature, and had set aside the same and the seizure under it, be annulled and reversed. The Court of Appeal amended the judgment of the district court by annulling the judgment against A. J. Baham. It otherwise affirmed it. The Court of Appeal in rendering judgment declared it was unnecessary to pass upon any issue raised, other than that of want of citation, and did not do so further than to reject certain parol evidence which the district court had permitted to be introduced in support of the citation which had been made in the case.

### Opinion.

The particular remedy through which the plaintiff seeks relief in the present case is an injunction coupled with an "action of nullity of judgment." He does not appeal from the judgment. To warrant the rendering of a judgment in favor of a plaintiff by a district court, it is necessary that there shall be proper and sufficient evidence before it in his favor upon the merits of the cause, and also proper and sufficient evidence before it that the proceedings have been such as to justify it in taking action. If, notwithstanding there be not such evidence before it, the court renders judgment, the party cast in the action and aggrieved by the judgment is entitled either to appeal from the judgment, or to have it annulled through an action of nullity; the particular remedy to which he should have recourse being determined by the special circumstances of the case. The remedies are controlled by different rules, and the rights of the litigants are to a very considerable extent affected by the shape in which they are presented. Bird v. Cain, 6 La. Ann. 251.

Plaintiff in injunction, Andrew J. Baham, charges that the judgment rendered against him in favor of Stewart Bros. & Co. is a

nullity for the reason that he was not legally cited. That cause is expressly assigned in article 606 of the Code of Practice as a ground for an action of nullity, citation being (Code Prac. art. 206) the essential ground of all civil actions.

Citation is accomplished in two ways: First. In person when the citation and petition are delivered to the defendant. Code Prac. art. 188. Second. At the domicile when copies of the citation and petition are left at the usual place of domicile or residence of the defendant, if he be absent, by delivering them to a free person, apparently above the age of 14 years, living in the house. Code Prac. art. 189.

If the copies of petition and citation were, as a matter of fact, "left at the usual domicile or residence of the defendant, he being absent therefrom at the time, by delivering them to a free person, apparently above the age of fourteen years, living in the house," the defendant, Baham, was in reality legally cited, and the subsequent proceedings could not and should not be annulled for want of citation.

In his petition for annulment, Baham does not allege as a fact that he had, or ever had had, more than one domicile or residence; still less, that copies were not left at his usual residence. He does not allege that he was not absent from his residence at that time, nor that the person to whom the copies were delivered was not his wife, nor that she was not a person over 14 years of age, nor that she was not "apparently so"; nor does he pretend that his wife was not living in the house with him.

Instead of denying the existence of the facts in the case giving rise to a legal citation, and authorizing primarily a judgment of default, and a subsequent confirmation of the same, he limits and confines his attacks to the return which the sheriff made in respect to the ·citation, and seeks to utilize the slips which he avers the sheriff made therein. The citation is a matter separate and distinct from the sheriff's return. A citation may be thoroughly legal, while the return may fail in making the recitals the sheriff ought to make; and, on the other hand, the return may be beyond criticism, and yet the fact be that no legal citation has been made. Adams v. Basile, 35 La. Ann.

104; O'Hara v. Independence Co., 42 La. Ann. 227, 7 South. 533; Civ. Code, art. 1762; State v. Beeder, 44 La. Ann. 1010, 11 South. 816.

The citation itself is the important legal fact upon which the validity of the judgment rests, while the return is simply "evidence" in respect to that fact.

If the sheriff, through inadvertence, negligence, or ignorance, fails to make the recitals which properly should have been made, but, none the less, plaintiff's counsel and the court act upon it, and judgment is rendered upon it, the defendant on appeal is authorized to take advantage of the mere absence of these recitals, and have the judgment set aside as having been rendered upon insufficient evidence as to the fact of citation; the whole subject-matter of citation in that case being apparent upon the return. But where the defendant, instead of appealing, has recourse to an action of nullity, he must leave the mere recitals of the return which the court below dealt with merely as an evidence of the facts connected with the citation. He must go back of the return of the sheriff, and attack and tender an issue as to the existence of the facts which the law made necessary to constitute a citation. He may still use the sheriff's return and its recitals as evidence in aid of his claim that no citation had been made, but that return, with its recitals, no longer has the force and effect which it would have had, had the objection been raised on appeal. The plaintiff may be in a position, when the attack is made upon the citation itself, to meet the attack, rebut it, and sustain the citation. Whether he will be able to do this will depend upon the facts of each special case.

Let us come to the case before us. It appears from the sheriff's return that he had the necessary copies in his hands; that he went with them to defendant's actual residence; that he found he was absent from his residence at that time; that he thereupon delivered the copies there to his wife, Mrs. A. J. Baham, living in the house with him, the house being six miles from the courthouse.

Plaintiff in injunction does not controvert the truth of these recitals, but insists that the citation itself was not good, because the sheriff fails to state in his return that the

service was made at the usual place of domicile of Baham, and to say that the person upon whom the service was made was upon a person above the age of 14 years.

The only objection which he makes by way of affirmative allegation is that his wife was named Lucinda C. Baham, and she did not tell the sheriff (a fact which he did not assert) that her name was Mrs. A. J. Baham.

In Collins v. Walling, 6 La. Ann. 703, this court said: "It is proper that sheriffs should on all occasions follow the words of the Code of Practice, but, whenever the returns made comply substantially with the law, the refusal to give them effect on purely technical grounds would amount to a denial of justice." We do not think that a party should be permitted, by failing to appear and make defense when called into court through a citation to which no real objections could be made, to bide his time to take advantage of mere nonrecitals in a sheriff's return of facts which actually existed, and which he could, and perhaps should, have inserted therein. It would be an easy and convenient method to avoid the payment of just debts.

On the trial of this case in the district court the defendants in injunction placed the deputy sheriff who made the return upon the stand as a witness, and, over objection of plaintiff in injunction, he was permitted to testify to the fact that he knew Baham and his wife; that she was at the time of the service over 14 years; that the residence of the parties was about six miles from the courthouse; that the parties had been living there for 9 or 10 years. The objections made were that the sheriff's return could not be altered, varied, or contradicted or eked out by parol.

We do not think the testimony offered and received did alter, vary, or contradict the return. It simply supplied affirmative proof of the existence of certain collateral facts independent of the return, and as to which it was silent.

It is perfectly true that the sheriff must himself furnish proof, through his official return, of what his own acts have been in execution of a citation placed in his hands. For instance, the testimony of a third person who may have accompanied the sheriff while serving the citation, and knew precisely what had taken place, would not be permitted to be substituted for the sheriff's return. The sheriff must officially return his own actions. But what was done here was not to prove by parol evidence and by a third person any act of the sheriff, but certain facts which existed as facts independently and separately from anything he had done. The sheriff returned that he had served the papers upon the wife of Mr. Baham. That fact had, of course, to be established by the sheriff himself. But the age of Mrs. Baham at that time was a fixed fact, totally independent of any act done by the sheriff in making the service, and provable by anybody who knew her age. State v. Baum, 51 La. Ann. 1120, 26 South. 67.

If her age had been averred by plaintiff to be under 14 years (which, as a fact, it was not) that was a matter which could be shown dehors the return by any legal proof. The same thing could be said as to proof of the party to whom the copies were delivered as being the wife of Baham. Had that fact been denied, it could be shown to have been true. So, also, the fact itself that Baham had actually lived in the house at which the service was made for nine or ten years could be shown, certainly in the absence of any allegation that he had had another residence.

The witness who was called to give this testimony was the deputy sheriff himself who had made the service. He was not called on to contradict or break down his return, but, on the contrary, to sustain it by way of rebuttal to an attack made upon it in an action of nullity. State v. Favre, 51 La. Ann. 441, 25 South. 93; State v. Baum, 51 La. Ann. 1120, 26 South. 67.

He testified to no new act in the matter of the service, nor did he alter by his testimony any act which the return covered. We think the testimony was properly received. See Woodlief v. Logan, 50 La. Ann. 440, 23 South. 716; State v. Baum, 51 La. Ann. 1120, 26 South. 67. Independently of this testimony, we are of the opinion that, the relief sought being through an action of nullity, we could and should fairly presume that the residence referred to in the return was the actual and only residence of the defendant, and that his wife was over 14 years of age, in the absence of any allegations negativing these facts. Whiting v. Hagerty,

5 La. Ann. 686–687; Collins v. Walling, 6 La. Ann. 703. We may observe in reference to a sheriff's return that the only requirements expressly pointed out by the Code of Practice are those specified in articles 201–203. The others seem to rest on jurisprudence based upon what is inferentially called for by article 189.

We think that the Court of Appeal erred in holding that the defendant was not legally cited in this case, and in annulling the judgment rendered therein on that ground.

For the reasons herein assigned, it is ordered, adjudged, and decreed that the judgment of the Court of Appeal herein brought up for review be, and the same is hereby, annulled, avoided, and reversed; and it is further ordered, adjudged, and decreed that the judgment of the district court which was annulled and reversed by the judgment of the Court of Appeal herein just reversed and annulled be, and the same is hereby, affirmed.

BLANCHARD, J., concurs in the decree.

## On Application for Rehearing.

(March 30, 1903.)

NICHOLLS, C. J. In his application for a rehearing, the plaintiff in injunction, Baham, urges that the Supreme Court must have overlooked clause 4 of article 606 of the Code of Practice, which recites expressly as one of the grounds for an action of nullity the case where the defendant has not been legally cited, and has not entered appearance, joined issue, or had not a regular judgment by default taken against him. He further urges that the Supreme Court overlooked two of the grounds upon which he attacked the judgment in favor of Stewart Bros. & Co.; one being that the citation of the case only mentioned the initial letter of the defendant's name, which was not a substantial compliance with the requirements of article 179 of the Code of Practice, to the effect that the citation must mention the name of the defendant; the other, that the judgment was not read and signed in open court. Counsel say that, the judgment of the district court having been against A. J. Baham, it was, when appealed to the Court of Appeal, the duty of the latter court to have passed upon all his points (citing

Villars v. Faivre, 36 La. Ann. 398; Rauxet v. Rauxet, 38 La. Ann. 669), and, the Court of Appeal having failed to do so in consequence of the conclusion it reached as to the nullity of the citation, the Supreme Court should, on review, have itself disposed of all the issues raised in the petition for injunction.

In the decision hereinbefore rendered, we confined our review to the issue which had been disposed of by the Court of Appeal in its judgment.

Article 101 of the Constitution declares that "if the whole record be sent up the court shall decide the whole matter in controversy in the same manner as if it had been on appeal directly to the Supreme Court."

We are therefore in a position to pass on the whole case, and we will consider all the questions which he seeks to have reviewed. Before doing so, we will say that the court did not overlook the fourth clause of article 606 of the Code of Practice, as supposed. Beyond dispute, the want of citation to a defendant is good ground for an action of nullity; but, when such an action is brought, it must be based, as the article itself declares, upon the fact that the defendant was in fact not cited, not upon the fact that the sheriff, in his return of the service of citation, may have omitted some statement which should have appropriately been inserted therein. If the fact omitted in the return should have been the action of the sheriff himself, and which no one but he could certify to, the citation itself would fall with the return, but not if the fact omitted should have been a collateral fact, in respect to which the sheriff had no special individual knowledge, but which was known to and could be as well established by third parties as by him. The sheriff should himself state in his return upon whom he makes service, for that shows the act of the sheriff, but if, after reciting the fact that he had made the service upon a wife, he fails to say that she was apparently over 14 years of age, that fact could be established by any competent evidence dehors the return. Counsel fails to appreciate the difference between the existence of a thing and the evidence to establish it. State v. Beeder, 44 La. Ann. 1010, 11 South. 816.

We see no reason to change the views which we have announced on this subject.

We pass now to the other matters referred to. It having been established that a petition, with a citation accompanying the same, addressed to A. J. Baham, was served upon the wife of A. J. Baham, it was his duty, if he was not the party concerned in the subject-matter, to have appeared in the district court and excepted to the citation. Having failed to do so, and permitted a judgment by default to be entered upon the citation as made, he acquiesced in the same, and could not raise that objection later. The matter was, at best, the subject of a dilatory exception. Plaintiff in injunction even now does not pretend that he was not in fact the party whose name was signed to the note sued on, and against whom Stewart Bros. & Co. had a legal right to proceed.

We next come to the objection that the judgment was not signed or read in open court. The signature of a judge to his judgment is, of course, necessary, but we know of no law which requires that the physical act of signing should be done in open court. The decisions of this court are signed in the consultation room, never in open session. They are always read in open court, as article 543 of the Code of Practice requires this to be done. A judgment signed out of court does not become completed and operative as a judgment until read in open court. It is inchoate, but not null. When read in open court, the fact that it may have been signed in the clerk's office or elsewhere is a matter of no consequence. In the present case it would seem the judgment was signed, but it was not read in open court. Execution upon it was therefore not warranted, and the district court properly sustained the injunction. The ground, however, upon which the injunction was sustained should have been placed farther back than the failure to give notice of judgment. The judgment of the district court left the plaintiffs in the suit in position to issue a new execution after merely giving a notice of judgment. To that extent there was error. No execution could issue under existing conditions.

The judgment rendered must, before becoming executory, be read in open court. While we affirm the judgment of the district

court perpetuating the injunction which issued against the execution taken out by Stewart Bros. & Co. against A. J. Baham, we amend the same by adjudging and decreeing that the execution which issued in this matter was illegal and unjustified, for the reason that the alleged judgment upon which it issued was inchoate—not a completed and operative judgment—by reason of its not having been read in open court, and we hereby remand the cause to the district court; the said judgment to be read in open court before execution can issue thereupon. It is further ordered, adjudged, and decreed that the judgment heretofore rendered in this case by this court remain undisturbed, except in so far as it is modified by the present decree.