————o————

## No. 6099.

## J. VALTURE DUPUY vs. KNICKERBOCKER LEATHER AND NOVELTY CO.

### Syllabus.

1. There is no law requiring that in confirming a default the citation and the return of the Sheriff thereon should be formally offered in evidence.

2. Nor is it necessary that the citation and return should be physically in the record at the time of such confirmation. The judgment will be sustained if it is established that service of citation was in fact made and that same, together with the return of the Sheriff endorsed thereon, was filed with the clerk.

3. In an action for nullity of judgment for want of valid service of citation, the plaintiff cannot rest his case simply upon the failure of the Sheriff's return to recite a particular fact essential to the validity of the service, but must sustain his attack by negativing the existence of the fact itself.

Appeal from the 28th Judicial District Court, for the Parish of St. John the Baptist.' Hon. P. E. Edrington, Judge.

Thomas G. King, P. E. Edrington, Jr., for plaintiff and appellant

C. A. Buchler, for defendant and appellee.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

This is an action wherein plaintiff seeks to annul a judgment by default secured against him by defendant in June, 1913. There was judgment for defendant and plaintiff appeals.

The plaintiff has alleged several grounds for annulling the judgment of June, 1913, the first of which is that the judgment confirming the default was secured without there having been offered in evidence the citation or a copy thereof.

No law has been cited to us requiring this to be done and we know of none. The citation and the Sheriff's return as to service must be filed with the Clerk and they then become, without further formality, an integral part of the record.

The second ground of complaint is that the citation and the return of the Sheriff were not physically in the record when the judgment by default was confirmed. But their absence having been accounted for by the fact that they had been misplaced or lost at the time, their

contents were proved by secondary evidence, when the judgment was confirmed and the fact that they had been regularly filed with the Clerk was fully established. Moreover, in the present suit to annul, the original documents themselves, which had meanwhile been found, were produced.

It having thus been proved that service was in fact made and that the citation together with the Sheriff's return as to service had been filed with the Clerk, prior to the confirmation of the default, the appellant has no cause for complaint. The temporary absence of these documents from the record is of no consequence and in no manner affects the validity of the judgment obtained.

Finally the appellant contends that the judgment should be annulled because the return of the Sheriff as to service, which was domiciliary, failed to contain the recital that he was absent from his domicile at the time.

As the return is not in the record, it having been again mislaid by the parties while this suit was pending, we are unable to ascertain whether or not it contained this recital. Granting, however, that it did not, this fact alone would not of itself justify the anullment of the judgment; but on the contrary the appellant should have proved not only that the Sheriff's return contained no recital as to absence, but also that he was in fact not absent from his domicile at the time of the service. In other words, one seeking to annul a judgment for lack of service of citation, cannot rest his case solely upon the failure to recite a fact essential to the validity of the service, but must sustain his attack by negativing the existence of the fact itself.

**Baham vs. Stewart & Co., 109 La., 999.**

The trial Court properly dismissed the action to annul and its judgment is affirmed.

Judgment affirmed.

Opinion and decree, June 1st, 1914.

Rehearing refused, June 30th, 1914.