LAND, J.
 

 The board of levee commissioners of the Orleans levee district has instituted the present suit to annul a judgment obtained against said levee board by Jules Adler, trustee of certain creditors of Lambert Bros., for certain work done by said copartnership on the protection levee on the parish boundary line between the parish of Orleans and the parish of Jefferson.
 

 Judgment was rendered in the lower court, restraining Jules Adler, trustee, and his agents, from executing the judgment until the trial of the suit and the further judgment of the court, and from this judgment he has appealed.
 

 1. The sole grounds of nullity alleged against the judgment obtained by Adler, trustee, is that the petition and citation in that suit had not been served on the levee board, but upon a person unknown to and unemployed by the board.
 

 A rule nisi was issued, and in answer to the rule Jules Adler, trustee, alleged that the judgment obtained was a good and valid judgment ; that the petition and citation had been served in fact upon “E-. P. Deutsch,” an employee of said board, then' in the office of said board, the president and other officers of the board being absent from the office at the time; and defendant in rule prayed that the return on the citation showiiig service upon “H. Deutch” be amended and corrected accordingly.
 

 On the trial of the rule, the defendant in rule offered in evidence the following return, made on the citation issued and served in the suit of Jules Adler, Trustee; v. Board of Levee Commissioners of the Orleans Levee District:
 

 “Received Monday, June 27th, 1927. On the
 
 *880
 
 27th day of June served a copy of the within citation accompanying the petition on Board of Levee Commissioners of the Orleans Levee District, defendant herein, by leaving same at its office, 201 New Court Building, in the hands of
 
 S. Deutch,
 
 Ass’t General Counsel, a person apparently over the age of 18 years, whose name and other facts connected with this service I learned by interrogating the said
 
 S. Deutch,
 
 Ass’t General Counsel, the said President and other superior officers being absent from their office at the time of service.” Transcript, p. 21.
 

 On the trial of the rule, the deputy sheriff who had made the return identified
 
 M. P. Deutsch,
 
 who was present in the courtroom, as the person upon whom the petition and citation had been actually served. Mr. Deutsch later testified in the ease, admitted his identity and the service, and also that he was employed at the time of service as assistant attorney for the levee board. The pay rolls of the levee board filed in evidence in the case also show that “E. P. Deutsch,” at the time of the service, was a salaried employee of the levee board.
 

 The objection made to this testimony on the ground that it was an attempt to alter or amend or vary the terms of the return on the citation is without merit.
 

 As said in Baham v. Stewart Bros. & Co., 109 La. 999, 1008, 34 So. 54, 57: “The witness who was called to give this testimony was the deputy sheriff himself who had made the service. He was not called on to contradict or break down his return, but, on the contrary, to sustain it by way of rebuttal to an attack made upon it in an action of nullity. State v. Favre, 51 La. Ann. 441, 25 So. 93; State v. Baum, 51 La. Ann. 1120, 26 So. 67.
 

 “He testified to no new act in the matter of the service, nor did he alter by his testimony any act which the return covered. We think the testimony was properly received. See Woodlief v. Logan, 50 La. Ann. 440, 23 So. 716; State v. Baum, 51 La. Ann. 1120, 26 So. 67.”
 

 Besides it is expressly provided in section 1(18) of Act 179 of 1918, p. 340, that: “The return of the sheriff or constable shall be conclusive, unless directly attacked; but the attack may be [made] by rule in the same proceeding, if before judgment, but after judgment can only be [by] direct action but in the same proceeding; and the return,
 
 if correct,
 
 may be
 
 amended
 
 at any time
 
 before or after judgment,
 
 provided proceedings for that purpose are taken contradictorily with the party upon whom it is alleged the service was made, or who is affected thereby; said party to have personal service of any process "to correct the return, unless it can be shown, as hereinabove set forth, that personal service cannot be had, in which' event the court may direct some other kind of service.”
 

 It is also provided in section 1(7) of Act 179 of 1918, p. 337, that: “Service addressed to any public, that is, one holding office under the authority of the United States, the State of Louisiana, or any parish, city, town or other municipal subdivision of the State,
 
 or any public board
 
 created by law or municipal ordinance, shall be made
 
 at the office
 
 of said officer or
 
 official board
 
 as fixed by law, ordinance or regulation, upon the
 
 chief executive or presiding officer
 
 thereof, and in case of his absence,
 
 upon an/y employee
 
 thereof above the age of sixteen years found in said office.”
 

 The citation itself is the important legal fact upon which the validity of the judgment-rests, while the return is simply evidence in respect to that fact. The citation in a case must not be confounded with the sheriff’s return, which recites his own actions in the matter of the service thereof. The citation
 
 *882
 
 may be good, though the return for some reason be irregular; while the return may be perfect in its recitals, yet the citation be null. Adams
 
 &
 
 Co. v. Basile, 35 La. Ann. 101; O’Hara v. Independence, etc., Co., 42 La. Ann. 226, 7 So. 533; Baham v. Stewart Bros. & Co., 109 La. 999, 34 So. 54.
 

 The service of the petition and citation in this case was made upon an employee of the levee board, above the age of 16 years, found in the office of the levee board, and during the absence from the office of the president and other officers of the levee board. Therefore the service was legal and sufficient, and the judgment based thereon is valid.
 

 It is ordered that the judgment appealed from be annulled and reversed.
 

 It is now ordered that the suit of the board of levee commissioners of the Orleans levee district to annul -the judgment herein obtained by Jules Adler, trustee, against said levee board, be dismissed.
 

 O’NIELL, O. J., absent, takes no part.