BOWES, Judge,
dissenting.
Although the majority opinion by my learned and respected brothers appears to be logical and persuasive, I am of the opinion that their reasoning is illusory. Therefore, I must respectfully dissent.
The majority view seems to be based on the belief that the acknowledgment of service under Fed.R.Civ.P. 4(c)(2)(C)(ii) is the primary requirement under the rule and, since it was not satisfied, the judgment sustaining the exception of prescription must be affirmed.
Such a finding seems to me to ignore the jurisprudential rule that citation itself is the important legal fact upon which the validity of the judgment rests, while the return is simply evidence in respect to that fact. Adler v. Board of Levy Com’rs. of Orleans Levy Dist., 168 La. 877, 123 So. 605 (1929).
It is a well-established principle of due process that notice is sufficient when it is reasonably calculated to apprise the interested party of the pendency of an action against him and to give him an opportunity to present his position and objections. The cases are legion which support this principle, such as the landmark case of Conner v. Continental Southern Lines, Inc., 294 So.2d 485 (La.1974), and the cases cited therein. The Louisiana Supreme Court, in Conner, supra, held as follows:
Service of process interrupts the running of prescription even though the process is defective and subject to exception, if it is sufficient to inform the person served of the legal demands made upon him from the described occurrence.
[ ...] However, the proper person, as designated by law, must be served be *128 fore service of process will interrupt the running of prescription, [cites omitted]
In the instant case, there is no question regarding whether the defendants were served sufficiently to inform them of the legal demands made upon them. No one has raised the issue that the proper person was not served in each instance. No objection or exception to the service of any kind was filed. Instead, appellees actively participated in the litigation, filed answers to the appellant’s original complaint, conducted discovery, and presented lists of witnesses prior to the dismissal of the case in the federal court for lack of subject matter jurisdiction. Now, appellees contend that because the acknowledgment was not signed and returned in compliance with Fed.R.Civ.P. 4(c)(2)(C)(ii) that service of process is insufficient.
However, the appellees did not file an exception to the sufficiency of process pri- or to their appearance in the federal court. Instead, appellees waited until the case was transferred to the Twenty-Fourth Judicial District Court to contend that the requirements of Fed.R.Civ.P. 4(c)(2)(C)(ii) were not fully satisfied and that appellant cannot now claim the benefits of this rule because he did not effect personal service upon the appellees. Appellees also state, and the majority apparently agrees, that appellant has no one to blame but himself because he mailed the complaint so late in the prescriptive period and his failure to proceed properly under the federal rules to obtain valid service of process upon the defendant.
I disagree. Appellees do not assert that they did not receive notice within the one-year prescriptive period. Additionally, once the appellees made a general appearance by filing an answer and proceeding on the merits of the suit, they then tacitly acknowledged timely service and their being informed of the legal demands being made upon them. The plaintiff relied upon the actions of the defendant, as, indeed, he had a right to do. Consequently, there was no reason for the appellant to proceed with personal service — it would have been a vain and useless act — as he could be satisfied by the actions taken by defendants that service of process had been effectively made upon them and defendants had been adequately informed. I also note that appellee does not allude to nor address this obvious facet of the case in his brief.
Appellees and the majority cite Delta Steamship Line, Inc. v. Albano, 768 F.2d 728 (5th Cir.1985) for the proposition that the precise method of service by mail must be followed; specifically, that the defendant’s return and acknowledgment are an essential part of the procedure and must be fully satisfied if the benefits of the rule are claimed. See also Armco Inc. v. Penrod-Stauffer Bldg. Systems, 738 F.2d 1087 (4th Cir.1984); Stanahan Gear Co., Inc. v. N L Industries, 102 F.R.D. 250 (1984). But these cases are obviously distinguishable from our situation as the defendants in each case did not make an appearance before the court prior to their initial move to dismiss the complaint for insufficiency of process and service of process, or, as in two instances, where the defendant moved to vacate default judgments on the same grounds. There was no acquiescence by defendants in the cited cases to the manner of service, as we have here.
My learned brothers state that although the named defendants did not object to the sufficiency of service in the federal law suit, since, arguably, they were notified, that the failure to object to the sufficiency of service in the federal action would not preclude the filing of an exception in the state court by St. Paul Insurance Co., insurer of several defendants. This argument overlooks the obvious fact that St. Paul voluntarily appeared in the Federal suit on behalf of their insureds, actively participated therein, and was the mover on the belated motion to dismiss. This holding fails to take into consideration the well-established rule in Louisiana and federal jurisprudence that, when a defendant makes a general appearance, objections to the sufficiency of service of process and sufficiency of citation are waived unless pleaded at that time. LSA CCP art. 925, LeBlanc v. Landry, 371 So.2d 1276 (La. App. 3rd Cir.1979); Bunge Corporation v. Emmons, 320 So.2d 230 (La.App. 3 Cir. *129 1975); Fed.R.Civ.P. 12(g)(h); Giannakos v. M/V Bravo Trader, 762 F.2d 1295 (5 Cir. 1985); Golden v. Cox Furniture Mfg. Co., Inc., 683 F.2d 115 (5 Cir.1982) rehearing denied 685 F.2d 1385 (5 Cir.1982).
My brothers in the majority failed to mention a recent federal court case which reviewed the question of whether or not it was necessary for a defendant to return the acknowledgment in accordance with Fed.R.Civ.P. 4(c)(2)(C)(ii) to provide valid and effective service. I am of the opinion that Morse v. Elmira Country Club, 752 F.2d 35 (2 Cir.1984) is much more closely on point to the instant case than Delta Steamship Line v. Albano, supra. In Morse, supra, the defendant did not return the acknowledgment and informed the plaintiff of such, and further informed the plaintiff that he should proceed with the alternate form of personal service prescribed in Fed.R.Civ.P. 4(c)(2)(C)(ii). However, by the time plaintiff served defendant personally, the statute of limitations for personal injury actions had run. The district court ordered the complaint dismissed, noting that the dismissal effectively rewarded the defendant for non-compliance with the federal rules, but considered the ultimate fault to be with plaintiff for attempting service by mail so close to the deadline of the statute of limitations. The United States Court of Appeals, Second Circuit, reversed, stating:
A. There is no doubt that defendant received mail service, and was aware of that service, by May 28, 1983 — well before the limitations period ended. This fell within the precise wording of Rule 4(c)(2)(C). [ ...] Plaintiff’s actions in this case conformed with these exact requirements of the rule, and all the necessary steps were complete before the end of May 1983, prior to the statute of limitations deadline. “Service is complete when all the required acts are done.” 72 C.J.S. Process § 43 (1951).
The Court further stated:
We do not agree that the rule should be read to void a received-but-unacknowledged mail service, or to substitute the requirement of personal service in lieu of an acknowledged mail service. First, the words do not say in terms that a received-but-unacknowledged mail service is ineffective, nor do they command personal service as a prerequisite to effective service by mail (if mail service is unacknowledged). What Rule 4(c) states is: “If no acknowledgment of service [by mail] ... is received ... service shall be made under subparagraph (A) or (B)” (emphasis added). Thus, the rule calls, not for personal service as a completion of or substitution for the mailed service, but for a second (personal) service should defendant ignore the rule by refusing to return the acknowledgment. It may well be that, under the literal terms of Rule 4(g), plaintiff could not make proof of service without the subsequent personal service.8 However, service may be effective without a return. Rule 4(g) provides that “[f]ailure to make proof of service does not affect the validity of the service.” The apparent purpose of the second service — to provide a foundation for the return — is another indication that it is irrelevant for valid and effective service, [cites omitted] [emphasis ours].
Finally, the Court held:
There is, in other words, no rationale for allowing a properly served defendant deliberately and willfully to postpone the ending of limitations by simply refusing to do what the rule calls upon him to do.
See also Prather v. Raymond Const. Co., Inc., 570 F.Supp. 278 (N.D.Georgia, 1983).
One impact of the decision in Morse, supra, may be to determine on a case-by-case basis whether or not an alleged mailing was actually received by the defendant; however, that is not a problem in the instant case. Here, although the defendants did not return a signed acknowledgment, their actions tacitly acknowledged receipt of service of process and they did not object to the insufficiency of service prior to their general appearance before the court by means of answers and discovery. Their actions, on which plaintiff relied to his detriment, deliberately deceived the plaintiff and lulled him into a false sense of security. Therefore, defendants cannot now be *130 heard to complain that service was not perfected, and justice should not permit them to now take advantage of these deliberately misleading actions.
I would hold that appellees were served adequately and legally with service of process within the applicable limitations period. I would also note that the holding should be restricted to the instant case. I am not, by this dissent, advocating service of process by mail in state court actions.
Accordingly, for the foregoing reasons, I respectfully dissent.